MARGARET TAN, Plaintiff-Appellant, *v.* HARRY TAN, Defendant-Appellee.

(No. 55369;

First District—January 19, 1972.

Benjamin I. Coven, of Coven & Herbst, of Chicago, (Saul R. Leibowitz, of counsel,) for appellant.

Morton Schaeffer, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal by plaintiff, Margaret Tan, from the trial court's order granting defendant's post-decree motion to terminate alimony and fixing the sum of $1000 as additional payment by defendant as a condition thereto, and from the trial court's order denying certain attorney's fees.

Margaret Tan obtained a decree of divorce on February 21, 1964, on the ground of cruelty. The decree recited that the parties were married on May 29, 1962, and had not lived together since December 14, 1962. No

children were born or adopted of the marriage. The decree ordered defendant to pay to plaintiff the sum of $170 each month until further order of the court and to pay plaintiff's attorney's fees. Plaintiff was to resume her former name of Margaret C. Sullivan. On October 21, 1964, and again on October 8, 1965, the court modified the amount of the alimony award.

On July 11, 1969, plaintiff filed a petition to increase the amount of her alimony payments. Defendant filed an answer praying for termination of alimony. The trial judge held a hearing at which Margaret Tan testified that she was unemployed and had not been employed for a period of 15 years. She said she had growths and bursitis in both feet and cannot stand without pain. She wears special shoes and is under the care of a doctor. The court commented that under the circumstances, when there is a marriage of less than one year, there should be some termination of alimony and that a man should not forever be responsible for the support of his former wife any more than she should be responsible for his. The court also noted that the defendant had been in substantial compliance with the decree for a good number of years and that defendant had paid plaintiff in excess of $7000 since the entry of the decree. In addition, the court stated that women in this day and age are responsible for their own support unless they are physically incapable and noted that plaintiff's infirmities existed prior to her marriage to defendant. On November 3, 1969, the court entered an order terminating alimony payments to plaintiff, ordering defendant to pay to plaintiff $1000 in additional payments in installments of $140 monthly as a condition thereto, ordering defendant to pay an arrearage of $140 and allowing plaintiff attorney's fees. The court explained that the $1000 in additional payments was to give plaintiff the opportunity to have surgery or to get the education necessary to make herself employable.

On December 1, plaintiff filed a petition to vacate the order of November 3rd. Margaret Sullivan, formerly Margaret Tan, was recalled as a witness. She testified that at the time she married defendant she had tumors on the bone and bursitis in both feet and was in constant pain. She said her condition had worsened as a result of her marriage to defendant because he had forced her to wear high heeled shoes and had struck her and threatened her if she refused. On cross-examination, plaintiff admitted that her foot condition had existed for 15 years and that she wore special shoes at the time she married Mr. Tan. The court noted that Mrs. Tan did not walk with a limp and again considered the short duration of the marriage, the fact that there were no children born of it, and the fact that over a period of about five years defendant had made payments to plaintiff totalling over $7000. The court stated that it was governed in its

determination by the amendment to the Divorce Act providing for the termination of alimony where reasonable and proper, and by legally recognized emancipation of women, allowing them to enter new fields of employment and to be paid equally with men for the same work. The court denied the motion to vacate its order terminating alimony, denied plaintiff's request for attorney's fees for services rendered by her new counsel on the petition to vacate and allowed plaintiff the sum of $500 as costs for the appeal to be taken.

Plaintiff contends that the trial court erred in arbitrarily terminating the decretal award of alimony when the evidence did not show a change in circumstances to warrant such action.

Section 18 of the Divorce Act, (Ill. Rev. Stat. 1969, ch. 40, par. 19) formerly provided that,

"The court may, on application from time to time, make such alterations in the allowance of alimony  *  *  *  was shall appear reasonable and proper."

The statute was amended effective September 11, 1969, by the insertion of the words "terminate or" before the phrase "make such alterations in the allowance of alimony." Since no cases on the question of termination of alimony have been decided since this amendment was added to the act, this is a matter of first impression for this court.

■■ Plaintiff urges that the courts have long had the right to consider the termination of alimony and that by the insertion of the word "terminate" into the statute, the legislators merely codified a pre-existing power under the case law. Plaintiff contends, in effect, that the word "terminate" is superfluous. We cannot agree. Statutes should be construed so that no clause, sentence or word shall be superfluous or void. (*Michel v. Illinois Bell Telephone Co.*, 226 Ill.App. 50, 55—6.) The cardinal rule of statutory construction is to ascertain and give effect to the intention of the General Assembly as expressed in the statute. (*Inskip v. Board of Trustees of University of Illinois*, 26 Ill.2d 501, 510, 187 N.E.2d 201, 206.) Courts should consider the reason or necessity for the enactment, the contemporaneous conditions, existing circumstances and the object sought to be obtained by the statute. *People v. Pennsylvania Railroad Co.*, 18 Ill.2d 61, 66, 162 N.E.2d 350, 353.

■■ We must construe the spirit and intent of the amendment in the context of today's world. In so doing, we take judicial notice of the recent emancipation of women socially and economically, and particularly in the area of employment opportunity. Women are no longer restricted to certain types of jobs, and they are entitled under the law to equal pay for equal work. It seems to us that the legislature, in providing for termination of alimony for the first time by this amendment, intended to give

effect to this change in the status of women. There is no longer any reason why a man, who has remarried and is supporting a new family, should have to indefinitely support his former wife of a few months when she is childless and in sufficiently good health to be employable.

■■ As stated in 1892 in *Cole v. Cole,* 142 Ill. 19, 23, 31 N.E. 109. "The power over the subject matter of alimony is not exhausted by the entry of the original order, but is, under the statute, continuing, for the purpose, at any time, of making such alterations thereof as shall appear * * * reasonable and proper."

Although the statute does not specify the conditions on which alimony may be terminated or modified, it has long been construed to allow modification of an award upon a showing of substantial change in the circumstances of the parties. (*Smith v. Smitth,* 334 Ill. 370, 382, 166 N.E. 85, 89.) In the instant case, the monthly payments approximating a total of $7000 over a period of about five years amounted to a material change in the circumstances of the parties since the entry of the decree. The remarriage of the defendant and the birth of a child by that marriage were also properly considered by the trial court. While this circumstance does not present in itself a change of conditions sufficient to warrant modification or termination of alimony, it is a factor to be taken into account together with all other circumstances. Realistically, defendant is obligated to support his present wife and child.

Plaintiff is a woman about 40 years of age who had been married three times prior to her marriage to defendant. Plaintiff and defendant lived together only seven months and no children were born of the marriage. Although plaintiff claims that her foot disability prevents her from being employed, she admits that the condition existed for many years prior to her marriage to defendant. Moreover, we cannot say that the trial court erred in its judgment that plaintiff, by using the $1000 in additional payments awarded to her, can make herself employable either by undergoing surgery on her feet or by obtaining additional education.

■■ Whether the alimony to be paid by the defendant should have been terminated rested in the sound discretion of the court. (*Scalfaro v. Scalfaro,* 123 Ill.App.2d 23, 259 N.E.2d 644.) We have before us a report of the evidence and the comprehensive findings of the trial judge. We cannot say on this record that the trial judge abused his discretion. We have examined the cases cited by plaintiff and find that in the main they relate to marriages of long duration or of which children were born or are otherwise inapplicable to the facts in this case. Moreover, all of them were considered prior to the subject amendment to the Divorce Act.

■■ Plaintiff also contends that the court erred in not allowing additional fees to her new counsel on the petition to vacate. Plaintiff argues

676

that Illinois law requires payment of fees to her counsel at all levels of divorce litigation. It is well settled, however, that allowance of attorney's fees rests within the sound discretion of the trial court and will not be set aside in the absence of a clear showing of abuse. (*Blowitz v. Blowitz*, 75 Ill.App.2d 386, 221 N.E.2d 160.) The record discloses that the court allowed attorney's fees to plaintiff in the original hearing on the petition to terminate. The disallowance of fees to new counsel of the petition to vacate the order of termination was in our opinion within the sound discretion of the court and we perceive no abuse therein.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.