LAURA DUBIN, Plaintiff-Appellee, *v.* ROBERT DUBIN, Defendant-Appellant.

(No. 58405;

First District (4th Division)—December 20, 1974.

*Rehearing denied January 24, 1975.*

324

Jason E. Bellows, of Chicago (Bellows & Bellows, of counsel), for appellant.

Gaines, Boyer & Shepp, of Chicago (Jonah Rosenberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

On May 17, 1971, plaintiff, Laura Dubin, filed a complaint for separate maintenance in the Circuit Court of Cook County. On January 24, 1972, a decree was entered which ultimately provided for payment by defendant, Robert Dubin, to plaintiff of $100 per week. There were no children of the marriage. No appeal was taken from this decree. Subsequent to this, on April 14, 1972, defendant filed a motion to modify or terminate the payments provided for in the decree. Following a hearing, this motion was denied and defendant appeals.

It is defendant's contention on this appeal that what is characterized as the legislative, constitutional and social status of the woman in "today's world" has vitiated the obligation of a husband to support a wife who is childless and capable of earning her own living. Defendant further argues that this status (or change in status) was recognized by this court in *Tan v. Tan*, 3 Ill.App.3d 671, 279 N.E.2d 486, and that the trial court was in error when it refused to hear evidence which, it is argued, tended to prove grounds for termination under *Tan* as a result restricted the evidence introduced at the hearing by defendant to that which would show change of circumstances.

The trial court denied defendant's motion to modify or terminate the payments since no material change of circumstances was demonstrated that had taken place between the time the decree was entered and the time the hearing on the motion was held. It is not claimed on this appeal that such changes in circumstances took place during this period, but

rather that plaintiff was capable of supporting herself and that defendant should not then have been required to make these payments.

■■ Defendant brings certain arguments before this court regarding plaintiff's ability to earn a living, the very brief time of marriage prior to the entry of the decree (about 1½ years) and various other matters that may have had a bearing on the decision of this case if we were considering the initial decree for separate maintenance. However, as defendant admits in his brief, "the proceedings of the original hearings are not before the court." All the matters raised by defendant now could and should have been presented to the trial court at the initial hearings which resulted in the granting of the decree for separate maintenance. Once raised, if defendant believed the trial court did not properly consider those matters, he should have raised them in an appeal of that decree. No appeal was taken. Defendant later attempted to bring these matters before the court during the hearing on his motion to modify or terminate payments. As this court noted in *Bowman v. Bowman,* 11 Ill.App.3d 719, 721, 298 N.E.2d 339:

> "Although the trial court clearly has the power to terminate alimony awards, such modifications may not be made arbitrarily or capriciously. The petitioner must show that a substantial change in the circumstances of the parties has taken place *since the entry of the decree. Tan v. Tan,* 3 Ill.App.3d 671, 279 N.E.2d 486; *Gregory v. Gregory,* 52 Ill.App.2d 262, 268, 202 N.E.2d 139, 142." (Emphasis added.)

It is clear from defendant's own brief that the matter he attempted to raise before the trial court on the hearing to modify or terminate and before this court on appeal did not occur for the first time during the period after the decree was entered nor was there any substantial change in circumstances that would have justified modification or termination of these payments.

Defendant's reliance upon *Tan v. Tan* is clearly misplaced, since in that case this court, though it took notice of the changed status of women in today's world, affirmed the order terminating plaintiff's alimony as there had been a showing of a substantial change of circumstances, including remarriage of the defendant since the decree and the birth of a child by that marriage since the entry of the decree. (3 Ill.App.3d at 675.) This has not been shown in the instant case.

For the foregoing reasons, the order of the Circuit Court of Cook County denying defendant's motion will be affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.