DONALD E. NEWMAN *v.* GRETCHEN NEWMAN

[No. 2-875A222. Filed October 20, 1976.]

*David W. Foley, Mullin, Foley & Gilroy,* of Indianapolis, for appellant.

*John F. Ittenbach, Feeney & Ward,* of Indianapolis, for appellee.

WHITE, J.—On March 10, 1975, the trial court entered a decree dissolving the nineteen year marriage of appellant Donald E. Newman (Husband) and appellee Gretchen Newman (Wife). The award of custody of the three minor children (aged 17, 13 and 10) to Wife was not contested, but Husband appeals from that part of the decree which awards substantially all of the property to Wife. He contends that as a physically disabled husband he is entitled to a greater portion than he received. We find no abuse of discretion and therefore affirm.

Husband is totally disabled by multiple sclerosis. At the time of trial he was forty-one years old and had been confined to a wheelchair for seven years. Before he became incapacitated in 1968 he had earned approximately $10,000.00 annually as an employee of the Ford Motor Company. Since then he has been receiving $250.00 per month in Social Security benefits for himself, $240.00 per month in Social Security benefits for the support of his three minor children, $91.00 per month in retirement payments from Ford, and $323.00 per month in disability payments from the John Hancock Insurance Company, the latter to end in January, 1984.

There is no evidence that Wife is not in good health. In the year preceding trial she earned $3566.00 driving a school bus (which she had been doing for seven years) and earned $370.00 working as a part-time bartender. At the time of trial she was also working three hours a day for H. & R. Block at an hourly salary of $2.10.

Wife was awarded the mortgaged family residence, net value $10,500.00, which she intended to sell. She was also awarded the furniture, appliances, station wagon and 1974 tax refund checks, all worth approximately $4,000.00, counterbalanced, however, by the order that she assume debts totalling $3,820.00. Husband was awarded sixty shares of Ford Motor Company stock valued at $2,100.00 and a small inherited parcel of real estate valued at $200.00. He was ordered to transfer each month to Wife the $240.00 Social Security payment for the support of the children, and to pay her an additional $21.00 weekly for the support of the two younger children.[1]

Husband contends that the court erred by failing to award him an interest in the equity of the family residence. He cites *Zagajewski* v. *Zagajewski* (1974), 161 Ind. App. 98, 314

---

1. The oldest child did not live at home. Wife was to contribute $80.00 monthly (one-third of the Social Security benefits) to his support.

N.E.2d 843, as authority. There we found an abuse of discretion in the trial court's award of the family residence to the Wife without making "a compensating provision for the permanently disabled husband which bears a reasonable relationship to the past contributions of the parties and to their prospective earning capacity. . . ." *Zagajewski, supra,* at 846. An important factor in that decision was the wife's earning capacity. She was a school teacher earning some three times as much as the disability benefits husband was then receiving and upon her retirement she would receive either teacher's retirement benefits or maximum social security benefits.

This case is distinguishable from *Zagajewski* since there is no great disparity between Wife's present income and that of Husband. More importantly this is an action for "dissolution of marriage" pursuant to the provisions of Ind. Ann. Stat. § 31-1-11.5-1 to 24 (Burns Code Ed., Supp. 1976) while *Zagajewski* was a divorce case governed by the now repealed Chapter 31-1-12 of the Indiana Code, under which the court had no authority to make orders for future maintenance of disabled spouses, except when the cause was incurable insanity.[2] An alimony award, however, could serve that purpose. *Wellington* v. *Wellington* (1973), 158 Ind. App. 649, 304 N.E.2d 347. Also, as *Zagajewski* holds, a spouse's physical incapacity to earn income was a proper consideration in dividing the marital property. However, that division, once made, was not subject to modification. Thus, when dividing property and awarding or withholding alimony, the trial court was required to determine the existing situation, speculate on future developments, weigh the separate needs of the parties, and then make a final, unalterable decision. An award weighted in favor of the future need of a disabled spouse could be unsatisfactory in terms of the non-disabled spouse's immediate needs.

2. Ind. Ann. Stat. § 31-1-12-3 (Burns Code Ed., 1973).

Under § 31-1-11.5-11 (e) of the present law the court must still take the earning ability of the parties into consideration when dividing the property but under § 31-1-11.5-9 (c) it can also make provision for maintenance of an incapacitated spouse which will be subject to later modification. The later statute provides that:

"(c) The court may make no provision for maintenance except that when the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, subject to further order of the court."

In the present case the trial court utilized both statutory provisions for the benefit of the physically incapacitated husband. In the property division the court allowed him to retain for his own maintenance enough of his income from Social Security, pension, and insurance to provide for his presently established needs. Additionally, the court made the following provision pursuant to the above quoted § 31-1-11.5-9 (c) ;

"Donald Newman is permanently disabled and unable to earn a living. The court retains continuing jurisdiction over the issue of possible maintenance to be paid by Gretchen Newman to Donald Newman, and such matter will be considered upon future hearing at the request of Donald Newman."

Neither party questions the validity or efficacy of that provision. We consider it a proper and wise exercise of the power granted by the above quoted § 31-1-11.5-9 (c). To hold otherwise would be to infer a legislative intent to more narrowly restrict the power granted than is expressed in the statute. Such an interpretation would be inconsistent with the statute's obvious purpose and its express legislative intent that provisions for maintenance are to be "subject to further order of the court."

We do not mean to imply that the division of property in this case escapes our condemnation as an abuse of discretion

only because the court made the finding which enables it to give future consideration to a maintenance order. That is but one of several features which distinguish this case from *Zagajewski*. We need not, and do not, speculate what changes would render the decree an abuse of discretion. Suffice it to say that the appellant has not sustained his burden of convincing us that in its present form it is not a valid exercise of discretion.

The judgment is affirmed.

Garrard, J., participating by designation, concurs; Sullivan, J., concurs in result.

NOTE.—Reported at 355 N.E.2d 867.