DONALD R. FARTHING *v.* BLANCHE L. FARTHING

[No. 2-676A244. Filed November 21, 1978. Rehearing denied January 10, 1979. Amended Petition for Rehearing denied January 11, 1979. Transfer denied April 26, 1979.]

*Donald G. Yates, James E. Chovanec,* of Huntington, for appellant.

*James W. Bowers, Palmer, Bowers & Brewer,* of Huntington, for appellee.

SULLIVAN, J.— The marriage of Donald and Blanche Farthing was dissolved by decree on February 19, 1975. Pursuant to the dissolution the trial court ordered the Husband to pay the Wife $55.00 per week maintenance.

The Husband did not perfect an appeal from the February 19 decree. However, on September 25, 1975, the Husband filed a Petition to Modify the maintenance portion of the decree. After hearing evidence, the trial court made findings of fact and rendered judgment as follows:

"The Court finds that respondent has substantially recovered physical health but has not fully recovered her mental health."

The Court further finds that the petitioner has suffered a substantial loss in income in 1975."

"The Court further finds that the petitioner is not in compliance with the Court's support order heretofore entered and is in arrears in the amount of $555.00."

"The Court further finds that the respondent's attorney has rendered services to respondent in the value of $603.75, and further finds that petitioner should pay respondent's attorney for such services."

"IT IS THEREFORE ORDERED AND ADJUDGED by the Court that the support order heretofore entered in the amount of $55.00 be and is hereby reduced to the sum of $40.00 per week."

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that petitioner is in arrears in making support payments heretofore ordered in the amount of $555.00."

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that petitioner pay to respondent's attorney the sum of $603.75 for services rendered to respondent."

Upon appeal from the modification order, the Husband contends that the trial court:

(1) erred in failing to make special findings of fact upon all requirements set forth by I.C. 31-1-11.5-9(c) (Burns Code Ed. Supp. 1978);

(2) abused its discretion in reducing rather than discontinuing the Wife's maintenance; and

(3) abused its discretion in ordering the Husband to pay the Wife's attorney fees.

I.

*Standard of Review*

The statutory power of the trial court to retain jurisdiction and modify awards of maintenance is set forth in I.C. 31-1-11.5-9(c) (Burns Code Ed. Supp. 1978):

"The court may make no provision for maintenance except that when the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, *subject to further order of the court.*" (Emphasis supplied).

*See also Newman v. Newman* (1976), 171 Ind.App. 202, 355 N.E.2d 867.

The burden of proof upon a petitioner for modification of a maintenance award has yet to be established under Indiana law. There is no statute nor case law directly addressing the question.[1] While the descriptive heading inserted by the legislature, preceding subsection (a) of I.C. 31-1-11.5-17 (Burns Code Ed. Supp. 1978), appears to make the statute's substance applicable to maintenance, the statute in fact deals in substance only with child sup-

---

1. Compare *Lankenau v. Lankenau* (1977), 174 Ind.App. 59, 365 N.E.2d 1241, wherein the court may have impliedly recognized that I.C. 31-1-11.5-17(a) applies to modification of spousal maintenance.

port and property disposition. We nevertheless construe the statutory heading as evincing a legislative intent to apply the standard set forth by I.C. 31-1-11.5-17(a) to modification of spousal maintenance granted pursuant to I.C. 31-1-11.5-9(c).

Thus, the Husband, as petitioner, was required at the modification hearing to show by a preponderance of the evidence "changed circumstances so substantial and continuing as to make the terms unreasonable." I.C. 31-1-11.5-17(a). The trial court, by decreasing the award from $55.00 to $40.00 per week, necessarily found that circumstances had changed in some degree. Nevertheless, the Husband, in attacking the validity of continuing *any* maintenance award, carried the burden of showing change in circumstances such that the requirements of I.C. 31-1-11.5-9(c) were no longer fulfilled. In this respect, the trial court's determination that circumstances pertinent to the threshhold requirements of the statute have not changed substantially is a negative judgment, and such judgment will only be reversed if the evidence is without conflict and can lead only to a conclusion contrary to that of the trial court's. *Arnold v. Parry* (1977), 173 Ind.App. 300, 363 N.E.2d 1055.

## II.

### *Special Findings of Fact*

The trial court specially found in the modification order that the Wife was still mentally incapacitated. As to that finding, we may reverse only if it is "clearly erroneous". *American Family Mutual Insurance Co. v. Bentley* (1976), 170 Ind.App. 321, 352 N.E.2d 860.

The Husband contends that the trial court was further required, absent a request by either party, to make a special finding of fact whether the incapacity materially affected the Wife's ability to support herself. Indiana Rules of Procedure, Trial Rule 52 governs those instances which require special findings of fact. The Husband asserts that I.C. 31-1-11.5-9(c) falls within the category of statutes contemplated by TR. 52(A)(3). He places much reliance upon *Temple v. Temple* (1975), 164 Ind.App. 215, 328 N.E.2d 227, wherein the court stated that "the statute calls for an initial factual determination whether a spouse's self-

supportive ability is materially affected by physical or mental incapacity." 328 N.E.2d at 229-230.

While there is no direct authority with respect to the necessity of express findings pursuant to the requirements of I.C. 31-1-11.5-9(c), we nevertheless conclude that when, as here, the trial court expressly designates the award as maintenance, neither I.C. 31-1-11.5-9(c) nor *Temple v. Temple, supra,* 328 N.E.2d 227, require special findings of fact.[2] The statute merely compels the trial court to make inquiry and "find" whether there exists incapacity and material effect upon the spouse's self-supportive ability before awarding maintenance. The "finding" required by the statute is implicit in the grant or denial of maintenance and need only be supported by sufficient evidence of record. *But compare Savage v. Savage* (1978), 176 Ind.App. 89, 374 N.E.2d 536.

As stated in 3 Harvey, Indiana Practice § 52.3, p. 427, concerning TR. 52(D)(2):

"[I]f findings are made upon issues upon which findings are not required they shall be recognized as findings only upon the matters covered and the judgment or general finding shall control as to matters not covered by such findings."

Thus, with respect to the requirement of I.C. 31-1-11.5-9(c) that the trial court "find" that the Wife's incapacity materially affects her ability to support herself, the general judgment, if clearly designated as a maintenance award, unmistakeably implies an affirmative finding, and we look to the evidence in the record in reviewing that determination. *See Indianapolis Power and Light Co. v. Barnard* (1978), 175 Ind.App. 308, 371 N.E.2d 408.

### III.

#### *Maintenance*

I.C. 31-1-11.5-9(c) provides that spousal maintenance may be granted

---

2. When the award is designated other than maintenance by the trial court, case law apparently requires that petitioner have shown and the trial court have specifically found sufficient incapacity and material effect on self-supportive ability. *See Savage v. Savage* (1978) 176 Ind.App. 89, 374 N.E.2d 536; *In Re Marriage of Lewis* (1977), 172 Ind.App. 463, 360 N.E.2d 855; *Compare Johnson v. Johnson* (1977), 174 Ind.App. 408, 367 N.E.2d 1147.

only where (1) the spouse is physically or mentally incapacitated and (2) the incapacity materially affects the spouse's ability of self-support. Once the threshhold requirements of the statute are satisified, the trial court *may,* but is not required to, grant maintenance

> ". . . after considering such factors as the financial resources of the party seeking maintenance (including matrimonial property apportioned to her), the standard of living established in the marriage, duration of the marriage, and the ability of the spouse from whom the maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." *Temple v. Temple, supra.* 328 N.E.2d at 230.

*See also Newman v. Newman, supra,* 355 N.E.2d 867; *Liszkai v. Liszkai* (1976), 168 Ind.App. 532, 343 N.E.2d 799.

While the statutory requirements of I.C. 31-1-11.5-9(c) apply to modification determinations as well as to original awards of maintenance, the burden is upon petitioner at the modification hearing to establish that the circumstances underlying the original decree have substantially changed so as to warrant modification.

The Husband, in attempting to meet this burden, contends that:

(1) the Wife's condition is not sufficient "incapacity" as a matter of law;

(2) assuming the sufficiency of the Wife's incapacity under the statute, the incapacity nevertheless does not materially affect her ability to support herself; and

(3) assuming the threshhold statutory requirements have been met, the trial court abused its discretion in failing to either terminate or decrease to a greater degree the award in light of evidence of factors requiring consideration by *Temple v. Temple, supra,* 328 N.E.2d 227.

With respect to the Husband's first contention, we note that he failed to perfect an appeal from the original dissolution decree which provided for maintenance. The only evidence contained in the record of the original dissolution hearing pertinent to the Wife's incapacity was that she suffered from "nerves". At the modification hearing, there was evidence that the Wife suffered from back problems and hemorrhoids in addi-

tion to the same nervous condition. Enigmatically, the trial court found in the modification order that the Wife "has substantially recovered physical health but has not recovered her mental health."

The Husband contends that he is not barred from raising the issue of "nerves" as sufficient incapacity despite his failure to appeal the original decree because the trial court's modification order implies that the original decree, unlike the modification order, was based upon both physical and mental factors.

Admittedly, the trial court's finding is ambiguous. We, however, look to the evidence supporting each judgment rather than rely upon any label or description placed upon the Wife's condition. It is obvious from the records of each proceeding that the same "nervous condition" was the basis for the finding of incapacity in both the dissolution and modification orders. Thus, as to this contention, the Husband is in effect attempting to collaterally attack the basis for the original judgment.

In *Dubin v. Dubin* (1974), 25 Ill.App.3d 323, 323 N.E.2d 152, petitioner-husband made a similar attempt. There, maintenance was granted to the wife, but the husband filed no appeal, electing instead to petition for modification. The husband in effect argued that the trial court had erred as a matter of law in failing to recognize public policy set forth by case law. The trial court denied the husband's motion to modify or terminate, and the appellate court affirmed, stating:

> "The trial court denied defendant's motion to modify or terminate the payments since no material change of circumstances were demonstrated that had taken place between the time the decree was entered and the time the hearing on the motion was held. It is not claimed on this appeal that such changes in circumstances took place during this period, but rather that plaintiff was capable of supporting herself and that defendant should not have then have been required to make these payments.
>
>       \*    \*    \*
>
> All the matters raised by defendant now could and should have been presented to the trial court at the initial hearings which resulted in the granting of the decree for separate maintenance. Once raised, if defendant believed the trial court did not properly consider matters, he should have raised them in an appeal of that

decree. No appeal was taken. Defendant later attempted to bring these matters before the court during the hearing on his motion to modify or terminate payments.

* * *

It is clear from defendant's own brief that the matter he attempted to raise before the trial court on the hearing to modify or terminate and before this court on appeal did not occur for the first time during the period after the decree was entered nor was there any substantial change in circumstances that would have justified modification or termination of these payments."

323 N.E.2d at 152-153.

In light of the evidence presented at the original dissolution hearing here, we must necessarily presume that the maintenance award was based, in terms of incapacity, solely upon the Wife's nervous condition. Thus, having elected not to appeal that judgment, the husband has totally failed to show any change in circumstances with respect to that issue.[3]

The Husband's second contention, that the Wife's nervous condition nevertheless does not materially affect her self-supportive ability, is not subject to the same appellate infirmity. The evidence presented at the modification hearing revealed that, subsequent to the divorce decree, the Wife entered into an arrangement with a widower whereby she worked as a housekeeper in exchange for room and board only. Her duties included cooking, cleaning, washing and buying groceries, as well as caring for the widower's two young boys. Her employer testified he had paid other employees $20.00 to $35.00 per week in addition to room and board, but that Blanche Farthing had never requested compensation other than room and board.

Although the Wife's employer was satisfied with her work, he nevertheless testified that she was "nervous", that she had been "nervous" most of the time she had worked, and that her condition had not improved. Wife also testified that, although she had never made an at-

---

3. The Wife's failure to raise the affirmative defense of *res judicata* is of no consequence here. The very characteristics of that concept are embodied in the Husband's burden of showing "changed circumstances". The Husband, having failed to attack the sufficiency of "nerves" as incapacity on direct appeal, has in effect established the standard by which a "change" must be measured as to that issue.

tempt, she felt she could not find other outside employment because of her nervousness.

While the Wife's remunerated housekeeping arrangement does in fact diminish her need for support, the Husband cannot successfully argue that the arrangement alone would provide the Wife with the means to support herself totally. Thus, there is sufficient evidence upon which the trial court could find that the Wife's condition does still materially affect her ability to support herself, and the Husband has therefore failed to establish sufficient change of circumstances pertinent to the requirements of I.C. 31-1-11.5-9(c).

The trial court, in reducing the amount of maintenance from $55.00 to $40.00, exercised the discretion granted it under I.C. 31-1-11.5-9(c). The Husband contends that the court abused its discretion in failing to terminate or reduce to a greater degree the maintenance award in light of evidence presented pertaining to the factors set forth in *Temple v. Temple, supra,* 328 N.E.2d 227. There was evidence that the Husband's weekly expenses exceeded his weekly gross income, and that he had debts totalling in excess of $20,000 compared to $500 for the Wife. His annual income at the time of dissolution was $17,000 and at the time he sought modification it was $12,000.

However, a substantial portion of the Husband's indebtedness was known to the trial court at the time the original decree was granted and, as noted, that judgment was not appealed. Furthermore, the trial court acknowledged the Husband's decrease in income in the modification order. We believe the trial court, in exercising the wide latitude granted it in such matters, did not abuse its discretion in decreasing the weekly maintenance award by fifteen dollars.

### IV.

### *Attorney Fees*

The Husband was ordered to pay the Wife's attorney fees in the sum of $603.75. The Husband contends that the order was an abuse of discretion in light of the financial status of the parties. He further contends that the trial court erred in basing the award solely upon the testimony of the Wife's attorney as to hours spent on the case.

As was stated in *In Re Marriage of Lewis, supra,* 360 N.E.2d at 856:

"IC 1971, 31-1-11.5-16 (Burns Supp. 1976) allows the trial court much latitude in ordering attorney fees. In *Brown v. Brown* (1973), 157 Ind.App. 672, 301 N.E.2d 400, 403, the Court of Appeals held that:

'.... The trial court has broad discretion in regard to the award of attorney fees .... In exercising such discretion, the trial court is not strictly limited to the present *economic* circumstances of the parties but may consider the *ability* of the parties to engage in gainful employment and to earn adequate income to comply with the court's order.' (Original emphasis.)

To overturn an award of attorney fees, a clear abuse of discretion must be evident. *Linton v. Linton* (1975), 166 Ind.App. 409, 336 N.E.2d 687."

The award here is supported by the evidence and no abuse of discretion is shown.

Furthermore, the Wife's attorney testified that he kept account of expenses incurred and time expended in representing her from the date of the original judgment to the date of the hearing on the Petition to Modify, the latter totaling twenty hours. The attorney testified in detail as to the type work performed. Such evidence is sufficient to support the award in view of the fact that reasonable attorney fees may be awarded based upon judicial notice. *See Cox v. Cox* (1975), 163 Ind.App. 172, 322 N.E.2d 395.

The judgment is affirmed.

Buchanan, C.J. and

Miller, J., concur.

NOTE—Reported at 382 N.E.2d 941.