**William R. CANADAY,
Petitioner-Appellant,**

v.

**Constance J. CANADAY,
Respondent-Appellee.**

No. 3–883A244.

Court of Appeals of Indiana,
Third District.

Aug. 29, 1984.

Mark T. Dykstra, Butler, McCanna & Dykstra, Auburn, for petitioner-appellant.

Jeffrey L. Turner, Van Horne & Turner, Auburn, for respondent-appellee.

GARRARD, Judge.

Canadays were married in 1968. Their marriage was dissolved in 1983. The husband appeals challenging the division of property and the award of attorney fees. We affirm.

The parties' assets were valued at over half a million dollars. The bulk of the actual assets were awarded to the husband, but the wife was granted judgment for $120,000 payable without interest approximately eight months later.

In awarding the wife the money judgment the court's finding included prefatory language:

"The Court finds that in order to equalize the division of property and accounting for the fact that the Petitioner has in fact brought substantially more property into the marriage than the Respondent did that it would be fair and equitable that the Petitioner would pay to the Respondent a judgment in the amount of $120,000.00. Said judgment shall be payable in full on or before November 1, 1983."

The husband attacks use of the term "equalize." He contends the court thereby used an impermissible standard (equalization) in dividing the property and thereby abused its discretion. We disagree.

First of all, it is likely that use of the term was either a misnomer or was intended in the general sense of making the judgment more equitable. We say this because the record discloses no attempt by the court to make an "equal" distribution. According to the values assigned by the court, the husband was awarded approximately 79% of the assets, or 70% if the husband's remainder interest in a trust was ignored as a marital asset. In addition the husband was not charged with a decrease in value of an account with Paine Webber which was reduced in value from $109,800 at the date of separation to $6700.

More importantly, however, the thrust of the husband's argument is in error. He relies upon our prior cases, which have held that the statute, IC 31–1–11.5–11, does not mandate equality, for the proposition that equality is impermissible. *See, e.g., Dahlin v. Dahlin* (1979), Ind.App., 397 N.E.2d 606; *Marriage of Osborne* (1977), 174 Ind.App. 599, 369 N.E.2d 653.

It is certainly correct that the statute does not demand equal division of the marital assets. It does not, however, prohibit such a division whenever that result is just and reasonable upon due consideration of the factors enumerated by IC 31–1–11.5–11. *Marriage of Miles* (1977), 173 Ind.App. 5, 362 N.E.2d 171.

Since it was not impermissible for the court to consider equality, and since there has been no showing that the court did not divide the assets in a just and

reasonable manner, no error has been established.

Husband next argues that valuations placed by the court upon two of the parties' assets are not sustained by the evidence.

■ The court found that the investment in Palo Pinto Oil Drilling Partnership had a value of $20,000. Husband asserts the stock was worth only $1000. However, the court expressly discredited husband's testimony to that effect, and found the stock was worth its original cost of $20,000. Husband's argument thus merely seeks to have us reweigh the evidence and redetermine questions of credibility. This we may not do. *Morphew v. Morphew* (1981), Ind. App., 419 N.E.2d 770.

■ The court also determined that husband's investment in Key Oil Company Drilling Rights was worth approximately $80,000. We agree this was error. Husband testified at trial he would accept $50,000 for his interest. He testified he did not know how much he had invested in Key Oil.[1] (Transcript 536, 537) The court's $80,000 figure is not supported by any evidence in the record. The problem is that it does not appear how the husband was harmed by this error. Husband's sole argument is that the judgment is lacking in any rational basis. It is not. The Key Oil investment was the husband's and was set off to him by the trial court, as were all the other substantial investment assets of the parties.[2] As discussed earlier, and contrary to husband's assertion, it does not appear that the court was attempting to divide the assets equally or according to any fixed formula, so that a valuation error would necessarily affect the result. It appears that the court reached a fair and reasonable property division pursuant to IC 31-1-11.5-11.[3] Indeed the husband fails to argue that it did not.

Under the facts and circumstances of this case we find the error was harmless and did not affect the reasonableness or validity of the judgment.

Finally, the husband argues that the attorney fees awarded the wife were excessive. His argument appears to be two-pronged.

After judgment the court ordered the husband to pay $1200 as appellate fees. Husband argues there was no evidentiary support for this award since the order was entered before the appeal was perfected.[4] In addition he contends the award made upon the entry of the dissolution decree is not supported by the evidence because the amount of the award was nearly two thousand dollars more than the amount arrived at by multiplying the wife's attorney's 113 hours, ten minutes expended by his proposed rate of $60 per hour.

■ What constitutes a reasonable attorney fee is a matter largely within court's discretion. *Svetich v. Svetich* (1981), Ind.App., 425 N.E.2d 191. It is not limited to an hourly rate, but includes such matters as the result achieved, the responsibility in dealing with a sizeable or complicated estate, and the difficulty of the issues. *Finley v. Finley* (1981), Ind.App., 422 N.E.2d 289. Furthermore, since the judge is considered an expert, our decisions continue to adhere to the view that he may judicially know what constitutes a reasonable fee. *Farthing v. Farthing* (1978), 178 Ind.App. 336, 382 N.E.2d 941. He is accordingly not bound to accept the evidence presented as to the reasonable value of an attorney's services. *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148.

---

1. As evidence of the husband's lack of candor, at one point he stated, "As far as I'm concerned it's worthless. If somebody wants to give me, uh, fifty thousand dollars for it, I'd take it right now."

2. Apart from the judgment amount the wife was awarded personal property, a 1980 Volkswagen, a $295 bank account and an account at Merrill Lynch valued at $6000.

3. If the Key Oil investment is valued at $50,000 rather than $80,000, the husband's share of the property is reduced from approximately 79% to approximately 78% of the net worth.

4. We note that liability for this award was conditional.

786

In the instant case we certainly cannot say that the court's award constituted a clear abuse of discretion considering the size of the marital estate, and the extent of the proceedings. Indeed the husband does not advance such an argument. Accordingly, we find no error in this award.

The essence of husband's second argument is that it is error for the court to award attorney fees for appeal before the services have been performed. We discern this to be the thrust of the argument because, again, no assertion is made that the $1200 allowance is an unreasonable fee for counsel's services in briefing and defending the appeal.

This same question was presented and answered adversely to the husband's position in *Linton v. Linton* (1975), 166 Ind. App. 409, 336 N.E.2d 687, *reh. denied* 166 Ind.App. 409, 339 N.E.2d 96. There the court held that the court's familiarity with the case, together with its power of judicial notice, would permit it to determine a reasonable fee for the appeal. 336 N.E.2d at 698. We agree.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.