**Michael P. DOUGHERTY,**
**Appellant–Petitioner,**

v.

**Debra S. (Dougherty) LEAVELL,**
**Appellee–Respondent.**

**No. 49A04–9011–CV–555.**

Court of Appeals of Indiana,
Fourth District.

Dec. 10, 1991.

George A. Lohmeier, Indianapolis, for appellant-petitioner.

Joseph R. Woods, John P. Woods, Woods and Woods, Indianapolis, for appellee-respondent.

CHEZEM, Judge.

*Case Summary*

Petitioner–Appellant, Michael P. Dougherty, appeals from the trial court's decision awarding attorney fees and costs to Respondent–Appellee, Debra S. Dougherty. We affirm.

*Issues*

Michael presents two (2) issues for our review, which we restate as follows:

I.  Did the trial court abuse its discretion by awarding an excessive and unreasonable amount of attorney fees to Debra?

II.  Was the trial court required to hold a separate hearing on the issue of attorney fees?

443

*Facts and Procedural History*

The parties were divorced on January 8, 1981. Debra was awarded custody of the two children, and Michael was ordered to pay child support for each child of $35.00 per week.

On June 21, 1989, Debra filed a Petition for Modification of Decree of Dissolution. Debra alleged that the circumstances had changed, and she requested a modification of the Decree. In particular, she asked that Michael pay towards college education for the children, that the amount of weekly child support be increased, and that Michael contribute towards her attorney fees. In addition, Debra filed a Petition for Contempt on June 1, 1990, alleging that Michael had failed to pay child support.

The trial occurred on June 15, 1990. After taking the case under advisement, the court entered the following decision:

> Respondents [sic] petition for modification of decree granted. Petitioner ordered to pay $146.00 per week for child support through the Marion County Clerk. Support to be reduced to $122.00 per week during school year at I.U. Effective March 24, 1991 support will be reduced to $98.00 per week. Petitioner to pay 65% of school expenses for minor children providing they maintain a "C" average. Child support arrearage of $2,719.00 is reduced to Judgement [sic]. Parties to share the cost of uninsured medicial [sic] expenses. Petition [sic] to pay Respondent the sum of $5,800.00 within 90 days as partial reimbursement for attorney fees and costs incurred.

*Discussion and Decision*

I

Michael first argues that "[t]he trial court's order of attorney fees was excessive and against the logic and effects of the facts and circumstances of this particular case." Further, "it constituted an award of unreasonable attorney fees for the reason that the amount of time and expense expended by Debra's counsel in this case was neither warranted nor justified."

■ We first note that trial courts have broad discretion in awarding attorney fees in divorce actions. *Selke v. Selke* (1991), Ind.App., 569 N.E.2d 724, 727, *reh. denied; Tucker v. Tucker* (1980), Ind.App., 406 N.E.2d 321, 323. As provided by Ind.Code 31-1-11.5-16(a):

> The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees ...

We will disturb an award of attorney fees only upon a showing of a manifest abuse of discretion. *Id.* Reversal is warranted only when the trial court's award is clearly against the logic of the facts and circumstances before the court. *Id.; In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696, 703.

■ In addition, what constitutes a reasonable attorney fee is a matter largely within the trial court's discretion. *Canaday v. Canaday* (1984), Ind.App., 467 N.E.2d 783, 785. In determining what is "reasonable," the court may consider such factors as the hourly rate, the result achieved, the responsibility in dealing with a sizeable or complicated estate, and the difficulty of the issues. *Id.*

■ Here, the award of attorney fees was *not* against the logic of the facts and circumstances before the trial court. This was a complicated and unusual case. Michael is president and sole shareholder of Dougherty Industries, Inc. He and his wife are employed there. Shortly after Debra filed her Petition, Michael filed his Financial Declaration indicating his total weekly income was only $307.69. The company paid him a salary of $211.54 per week, and he received $96.15 per week in rental payments. To disprove these figures and establish her case, Debra's counsel engaged in thorough discovery and analysis of relevant financial documents.

For example, Debra's counsel prepared and filed a Request for Admissions. He also took the deposition of Michael. After accumulating the financial information, Debra then employed an accountant to review and summarize it. One document intro-

duced at trial was an application for a loan to purchase a new house. Michael stated therein that the combined income he and his wife received was in excess of $60,-000.00. Debra also discovered that Dougherty Industries leases its building from Michael and his wife for $438.00 per week. The company also leases two cars from them for $7,302.00 annually.

In addition, certain procedural matters added to the total amount of attorney fees. This case was pending for approximately one year before it went to trial. Both of the parties had moved for continuances at some point. Debra's counsel filed a Petition for Contempt as well as a Trial Brief. At trial, the evidence included tax returns and schedules, promissory notes, W–2 forms, leases, balance sheets, installment notes, income amounts, debts, and depreciation. Debra's counsel also filed a Post–Trial Brief.

Furthermore, Debra's counsel testified that his rate was $125 per hour; that the financial information in this case was complex and unusual, and contained discrepancies; and that he was not receiving cooperation in discovery from Michael.

Based on these facts and circumstances, the trial court did not abuse its discretion in ordering Michael to pay $5,800.00 in attorney fees to Debra. While this sum is more than the average for these types of cases, it is "reasonable" considering the amount of discovery conducted, the procedural history, the review and analysis of the complex financial information, the preparation of two briefs, and the evidence introduced and discussed at trial. We find no error here.

## II

■ Michael next argues that there should have been a separate hearing on attorney fees for his alleged failure to comply in the discovery process of this case. In particular, he argues that if his behavior was "obstreperous," then a hearing was required by Indiana Trial Rule 37. Michael

cites the following language from *Drake v. Newman* (1990), Ind.App., 557 N.E.2d 1348, 1352:

> Upon the granting of a motion to compel, at which time the moving party also requests reimbursement for the expense associated with making such a motion, a court is to hold a hearing at which it is to ascertain whether the non-moving party's noncompliance with discovery was substantially justified or whether other circumstances would make the award of expenses unjust.

We disagree with Michael. The trial court did not have to hold a separate hearing because no one filed a motion to compel. Debra did not seek, and the trial court did not award, attorney fees under T.R. 37. The fees and costs were awarded under the statute applicable in divorce actions, IC 31–1–11.5–16.[1]

Affirmed.

MILLER and RUCKER, JJ., concur.

---

1. We also note that the parties had an opportunity at trial to introduce evidence on attorney fees; yet none was offered by Michael.