Rebecca COX, Appellant–Petitioner,

v.

Harry J. COX, Appellee–Respondent.

No. 48A02–0708–CV–668.

Court of Appeals of Indiana.

March 17, 2008.

Christopher A. Cage, Anderson, IN, Attorney for Appellant.

Jonathan C. Goehring, Anderson, IN, Attorney for Appellee.

## OPINION

SULLIVAN, Senior Judge.

### STATEMENT OF THE CASE

Appellant Rebecca Cox ("Wife") appeals the trial court's grant of Appellee Harry Cox's ("Husband") petition for modification of a maintenance order. We reverse and remand.

### ISSUE

Wife raises one issue for our review, which we restate as: Whether the trial court erred when it modified Husband's obligation to provide insurance coverage for Wife.

*FACTS AND PROCEDURAL HISTORY*

The parties' marriage was dissolved by decree of the Madison Circuit Court in January, 2005. In response to separate motions to correct error and following argument, the trial court, on March 15, 2005, ordered that Husband "shall maintain [Wife] on his insurance or pay for her COBRA coverage until she shall qualify for [M]edicaid or [M]edicare." Appellant's App. at 14.

Later in 2005, Wife sought a contempt citation alleging that Husband had failed to maintain insurance coverage for her. At that time, an appeal by Husband of the dissolution decree, as modified by the ruling on the motion to correct error, was in progress. The subsequent memorandum decision by this court made no mention of any obligation on the part of Husband to provide insurance or pay for COBRA coverage for Wife. *See Cox v. Cox*, No. 48A02–0506–CV–495, 845 N.E.2d 263 (Ind.Ct.App. February 2, 2006).[1]

On April 2, 2007, Husband filed a petition to modify the dissolution decree, asserting that the trial court had ordered him "to provide insurance coverage for [Wife] until she qualified for Medicaid or Medicare." App. at 10. He further alleged that he paid COBRA coverage premiums of "approximately $18,000" and that such premiums "now amount to over $700 per month." *Id.*[2] He sought relief from the insurance obligation on grounds that his financial situation had changed in that although (1) he and his girlfriend (now wife) had lived together in a residence owned by her and (2) he was not on the mortgage, he was nevertheless now making the mortgage payments as her spouse. He also alleged that Wife had not produced evidence that she "has applied for Medicaid or has attempted to secure other health coverage." *Id.* At the May, 2007 hearing on Husband's petition to modify, Husband conceded that his income from his pension and from Social Security had not diminished.

At the hearing, Wife testified that she had been denied Social Security Disability benefits and also had been denied Medicaid benefits because she had a $10,000 life insurance policy with a cash value of $700. She also testified that she had approximately $3,000 in an IRA. She stated that although she had worked for the State for a short period in 2005, and was physically able to do the work at the time, she had been laid off because of government restructuring. She testified that she had not worked since 2005 because of her medical conditions and that she is supported through assistance from her family and by baking bread for her daughter's employer. Wife testified that she was fifty-seven years old at the time of the hearing and that she would not be eligible for Medicare for approximately nine more years.

On May 17, 2007, the trial court's order of modification directed Husband to keep Wife "under COBRA through the end of July, 2007, at which time [Wife] shall either need to qualify for Medicaid or find her own medical insurance." App. at 6. Wife now appeals.

1. Although the memorandum decision recited that Wife had testified that "she suffered from severe arthritis and heart disease, making it difficult to obtain employment and health insurance," there was no reference to any order from the trial court concerning an obligation on Husband's part to provide coverage as mandated by the trial court's order on the motion to correct error. The indication is that Husband presented no issue on appeal concerning the matter of insurance coverage.

2. Apparently, as a result of the dissolution, Wife was removed as a dependent insured under Husband's General Motors insurance policy.

## DISCUSSION AND DECISION

■ Wife contends that the trial court erred in terminating the maintenance insurance provision on the ground that there was no factual basis for doing so.[3] She contends that she had, in fact, tried to obtain Medicaid and was unable to work by reason of her medical conditions. She further asserted that Husband's financial situation had not actually changed because the evidence disclosed that his income had not decreased and that his allegedly "new" mortgage and utility obligations were in existence when he lived in the residence with his then girlfriend, whom he subsequently married.

On appeal, Wife has cited to no authority other than a passing reference to Ind. Code § 31–16–8–1. This statute does in fact refer to modification of maintenance orders but only to those ordered under Ind.Code § 31–16–7–1 (a statute concerning child support that was repealed in 1997) or Ind.Code § 31–1–11.5–9(c). We observe that unless the legislature intended Ind.Code § 31–16–8–1 to cover general spousal maintenance orders rather than maintenance ordered as part of a child support proceeding, that the applicable statute would seem to be Ind.Code § 31–15–7–3.[4] In any event, Ind.Code § 31–16–8–1 permits modification of the maintenance ordered in this case.

In defending the trial court's modification order, Husband cites only one case and for the general proposition that "[a] trial court has broad discretion to modify a spousal maintenance award." Appellee's Brief at 3. In the case cited, *Lowes v. Lowes*, 650 N.E.2d 1171(Ind.Ct.App.1995), this court held that husband's loss of employer-covered health coverage for his spouse was a sufficient change of circumstances to warrant modification of the maintenance order. Nevertheless, although noting that 80 percent of the spouse's medical expenses were covered by Medicare, the *Lowes* court held that the trial court erred in terminating husband's spousal maintenance "to compel [Wife] to spend down her assets and accelerate her Medicaid eligibility." *Id.* at 1176. In this sense, *Lowes* undercuts Husband's position in the case before us. The message drawn from *Lowes* is that although some modification of the maintenance obligation was appropriate, it was error to require Wife to look to Medicaid for payment of her medical expenses.

■ The compulsion on the part of the spousal maintenance recipient to spend down her assets in order to become Medicaid eligible is not strictly present in the case before us. The trial court's order

---

3. There is no contention that the order for Husband to provide insurance coverage is anything other than maintenance. It is clear that the order is not one for rehabilitative maintenance, but rather, is an order for spousal maintenance. *See* Ind.Code § 31–15–7–2; *Fuehrer v. Fuehrer*, 651 N.E.2d 1171 (Ind.Ct.App.1995), *trans. denied*. Spousal maintenance is sometimes referred to as "incapacity" maintenance. *In re Marriage of Erwin*, 840 N.E.2d 385, 390 (Ind.Ct.App.2006). It is awarded when the spouse is "physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected." *Id.*

4. Ind.Code § 31–16–8–1 provides for modification of an "order of maintenance" but only if ordered under Ind.Code § 31–16–7–1 or Ind.Code § 31–1–11.5–9(c) "before their repeal." Ind.Code § 31–16–7–1 deals with maintenance of a spouse when she has filed for child support. It does not cover the normal dissolution unrelated to child support. Ind.Code § 31–15–7–1 was formerly Ind.Code § 31–1–11.5–9 before the latter's repeal in 1997. It provides for maintenance in a final dissolution decree entered under Ind.Code § 31–15–2–16, which requires a dissolution court to enter a final decree.

here contemplates several possible eventualities, only one of which is Wife's eligibility for Medicaid as of July 2007. However, the order does suggest that Wife will lose her spousal maintenance insurance coverage if by spending down her assets she would qualify for Medicaid. In this respect, it is contrary to *Lowes*. To that extent, therefore, the order is reversed and the cause remanded with instructions to vacate that portion of the order. This holding, however, does not end our inquiry.

Modification of spousal maintenance orders may, insofar as relevant, be had "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Ind.Code § 31–15–7–3.[5]

As observed in *McCormick v. McCormick*, 780 N.E.2d 1220 (Ind.Ct.App.2003), with respect to appellate review of a trial court's determination as to an award of spousal maintenance, we afford deference to the trial court's discretion. In *Erwin*, we relied heavily on *McCormick*. We stated:

> In *McCormick*, this court found that a spouse incapacitated by multiple sclerosis should continue to receive maintenance during times of unemployment, even though her medical condition had slightly improved since the divorce proceedings.... Here, however, the trial court ceased spousal maintenance at the same time [Mrs. Erwin's] COBRA health insurance coverage ceased, and before there was ample evidence to support an inference that [she] would be able to find or maintain full-time work.

Consequently, we find that the trial court's actions in the present case go against our holding in *McCormick*. We still note, as in *McCormick*, that if [Mrs. Erwin] is ever able to find stable, full-time employment that meets her needs, termination of her maintenance order may then be appropriate.

840 N.E.2d at 392. The *Erwin* court then held that "complete termination of [Mrs. Erwin's] maintenance payments at this time was an abuse of discretion by the trial court." *Id.*

█ In keeping with the decision in *Erwin*, we reverse the modification order of May 17, 2007, and remand for further proceedings. In doing so we recognize, as in *McCormick*, that the medical and economic situation of Wife may have substantially changed since the order was issued. It may also be that Husband's economic situation has changed. The trial court is not precluded from hearing additional evidence upon such matters so as to make an appropriate determination as to Husband's insurance maintenance obligation under the present circumstances as the parties, and the scope and extent of such obligation, if any.

## CONCLUSION

The modification order is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ROBB, J., concurs.

FRIEDLANDER, J., concurring in part and dissenting in part with separate opinion.

---

5. Husband did not challenge the maintenance award made in the ruling on the respective motions to correct error. He may not do so now. *See Mann v. Mann*, 528 N.E.2d 821 (Ind.Ct.App.1988), *trans. denied.* He may now only argue that the present modification was appropriate in that he has proved the requisite substantial change. The burden was upon him to establish such changed circumstances. *Lowes*, 650 N.E.2d at 1174; *Farthing v. Farthing*, 178 Ind.App. 336, 382 N.E.2d 941 (1978).

FRIEDLANDER, Judge, concurring in part and dissenting in part with separate opinion.

I agree with the majority that the order modifying maintenance should be reversed. I respectfully disagree that the matter should be remanded to the trial court for further proceedings.

Upon the evidence presented at the hearing, the trial court determined that Husband's original obligation to provide medical insurance until Wife was eligible for Medicaid or Medicare should be modified. That order may have been based upon the trial court's determination that Husband's circumstances had changed significantly, as that was the primary claim upon which his request for modification was premised. As Wife suggests, the modification may also reflect the trial court's determination that she failed to attempt to apply for Medicaid or to secure her own medical insurance coverage. In any event, the trial court determined that Husband's obligation to provide Wife's medical insurance would cease at the end of July 2007. In reversing the modification order, the majority devotes most of its discussion to the question of whether a trial court may order a non-obligor spouse to spend down assets in order to accelerate Medicaid eligibility. I agree with the conclusion that, under *Lowes v. Lowes*, 650 N.E.2d 1171 (Ind.Ct.App.1995), it cannot. The trial court did not order Wife to do that in this case, which the majority recognizes in noting that a spend-down is "not strictly present", but is one among "several possible eventualities". *Op.* at 286.

Which brings me to the point upon which I depart from the majority's decision. We have reaffirmed that the law does not permit a trial court to order a non-obligor spouse to spend down assets in order to become eligible for Medicaid, at least as it relates to determining spousal maintenance, and we have observed that such may have been at least partially included in the trial court's decision to modify. As a result, we have reversed the modification. I agree with reversal, but disagree that remand is required. The trial court conducted a hearing at which the parties presumably presented all of the evidence relevant to Husband's petition to modify. The majority's decision does not raise new matters that require new or different evidence than has already been presented. Rather, the case still turns on the same questions originally addressed by the trial court, viz., (1) have Husband's financial circumstances changed so as to render the original order unreasonable, and/or (2) has Wife acted in such a way as to delay the "until she qualified for Medicare or Medicaid" condition that will terminate Husband's obligation to provide medical insurance.

I believe the materials before us are sufficient to permit a resolution of the matters appealed without need for remand. With that in mind and to that end, I agree with Wife that Husband did not prove that his circumstances have changed so as to justify granting his request for modification. Thus, question (1) above must be resolved in Wife's favor. Our clarification as to the continuing viability of the principle discussed in *Lowes* and its applicability in this case also means that question (2) above must be resolved in Wife's favor. Therefore, I would reverse the order modifying support and let the matter end there.