**In re Marriage of Stephanie REEDER, Appellant–Petitioner,**

**v.**

**John REEDER, Respondent,**

**Coots Henke & Wheeler, Appellees.**

**No. 29A02–0902–CV–142.**

Court of Appeals of Indiana.

Dec. 9, 2009.

Jon R. Pactor, Indianapolis, IN, Attorney for Appellant.

E. Davis Coots, James K. Wheeler, Brandi A. Gibson, Carmel, IN, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Petitioner–Appellant Stephanie Reeder appeals the trial court's award of attorney fees to the law firm of Appellee Coots, Henke, & Wheeler ("the Coots firm") in a dissolution action involving Respondent–Appellee John Reeder. We affirm.

Stephanie raises three issues for our review, which we consolidate and restate as:

I.  Whether the trial court erred in ordering Stephanie to pay a particular amount to the Coots firm.

II. Whether the trial court erroneously deprived Stephanie of a jury trial.

In 2000, Stephanie filed a petition for dissolution of her marriage to John. In one of the numerous hearings on the petition, Stephanie stated that she owed approximately $245,000.00 in attorney fees and expenses to the Coots firm; and she requested that John be ordered to pay the fees and expenses. In support of her request, Stephanie presented an affidavit summarizing the claim for expenses and an attachment setting forth the details of the claim.

On November 21, 2007, the trial court issued an order acknowledging the previous dissolution of Stephanie and John's marriage and determining issues involving property settlement, child custody, parenting time, support, and payment of attorney fees.[1] Among other things, the trial court determined that John should pay Stephanie $1,269,234.00 as part of the marital distribution. The trial court further determined that Stephanie should pay the attorney fees and expenses owed by her to the Coots firm. Specifically, the trial court stated:

a.  $200,000.00 shall be paid to [the Coots firm] within 30 days of the date of this Order. All attorney fees and expenses shall be deducted and the remainder, if any, shall be given to Stephanie.

---

1. The trial court found "that on January 30, 2006, this Court ordered that this cause be bifurcated ... and the parties' marriage was dissolved." (Finding of Fact No. 5; Appellant's App. at 39).

b. $15,000 per month shall be paid commencing on February 1, 2008 and shall be paid on the 1st of each succeeding month until December 31, 2011 when all remaining payments and interest shall be paid in a lump payment.

c. Such monthly payments shall first be paid to [the Coots firm] until all attorney fees and expenses have been deducted. Upon satisfaction of all of Stephanie's attorney fees and expenses, such law firm shall notify John and John shall make such monthly payments directly to Stephanie or her designee.

d. Interest shall accrue on any unpaid balance in the amount of 8% per year.

(Finding of Fact No. 84; Appellant's App. at 53–54). The order also entered judgment in favor of the Coots firm. *Id.* at 58.

Stephanie and John filed separate motions to correct error with regard to the trial court's November 21, 2006 order. In Stephanie's motion, filed by an attorney not affiliated with the Coots firm, she questioned the propriety of requiring all of the initial payments from John to be made to the Coots firm. She stated that although she agreed that the Coots firm should be paid, she needed money for living expenses. (Appellant's App. at 61–62).

On December 28, 2007, the Coots firm filed its "Notice of Intent to Hold Lien for Attorney Fees and Motion to Assert Attorney's Lien." (Appellant's App. at 72). Thereafter, Stephanie and John submitted an "Amended Decree of Marriage with Settlement Agreement," which was approved by the trial court on March 10, 2008. The Coots firm responded by filing a motion to correct error and for disbursal of funds, alleging, among other things, that the judgment in favor of the Coots firm and Finding 84 of the November 21, 2006 order should be reinstated. (Appellant's App. at 94–95).

A hearing was held on the Coots firm's motion on December 15, 2008, and Stephanie was represented by counsel at this hearing. On December 15, 2008, the trial court stated in a CCS entry that "concerning [Stephanie's] request to now litigate the reasonableness of attorney fees that [Stephanie] presented such attorney fees as an exhibit at trial showing that such fees were proper and requested the Court to affirmatively assess such fees against [John]." (Appellant's App. at 129). In the entry, the Court further stated that Stephanie, "when she had new counsel, further failed to challenge the amount of such fees in her [motion to correct error] filed on December 21, 2007 and in fact, stated in such pleading that she 'believes her attorney should be paid.'" *Id.* In a subsequent order, the trial court found that "the amount of [the Coots firm's] fees for legal services, as detailed in [Stephanie's hearing exhibit], is reasonable based on the factors set forth in Rule 1.5(a) of the Indiana Rules of Professional Conduct." (Appellant's App. at 32). The trial court also "affirmed and reinstated" Finding 84 of the November 21, 2007 order. (Appellant's App. at 33).

I.

Stephanie argues that the trial court failed to hold an evidentiary hearing on the reasonableness of the fees that the Coots firm was owed and attempting to collect. A determination of attorney fees "in family law matters is within the sound discretion of the trial court and will be reversed upon a showing of a clear abuse

of that discretion." *Bean v. Bean,* 902 N.E.2d 256, 266 (Ind.Ct.App.2009).

Stephanie cites numerous cases that discuss the determination of attorney fee awards. For example, she cites *Stepp v. Duffy,* 654 N.E.2d 767, 775 (Ind.Ct.App. 1995), *trans. denied,* for the proposition that when the "amount of the fee is not inconsequential, there must be objective evidence of the nature of the legal services and the reasonableness of the fee." She notes that we have held as a general rule that "the reasonableness of the attorney fee is a matter resolved in an evidentiary hearing." *Bethlehem Steel Corp. v. Sercon Corp.,* 654 N.E.2d 1163, 1169 (Ind.Ct.App. 1995), *trans denied.*

We understand the wisdom of the general rule, and we hold that the goal of the rule—the determination of a reasonable attorney fee award—is achieved in this case. First, and most importantly, Stephanie made the original claim that the attorney fees claimed by the Coots firm were reasonable, albeit in an effort to have John pay the fees. We cannot fail to see the irony of her present position that she was requesting that John pay an unreasonable amount of attorney fees. Second, the fee award was discussed in a telephone hearing before the evidentiary hearing on the Coots firm's motion to correct error. Third, the attorney fees seem to have been discussed in the evidentiary hearing. Finally, the trial court specifically determined that the fee request was reasonable

under the factors set forth in Rule 1.5(a) of the Indiana Rules of Professional Conduct.[2]

We cannot say that the trial court, which is deemed an expert on the question of the propriety of fees and which may judicially know what constitutes a reasonable fee award, abused its discretion in determining that Stephanie made a request that John pay reasonable attorney fees. *See Canaday v. Canaday,* 467 N.E.2d 783 (Ind. Ct.App.1984) (holding that the trial court may make a determination as an expert and upon judicial knowledge). Furthermore, given the facts of this case, we cannot conclude that a separate hearing on the issue of reasonableness was required.

## II.

■ Stephanie further claims that she was denied a constitutional right to a jury trial regarding the contract she had with the Coots firm. She cites Article I, Section 20 of the Indiana Constitution, which state that in "all civil cases, the right of trial by jury shall remain inviolate." She reasons that if the Coots firm had filed a lawsuit to collect the fees as a contract matter, "there would be no question that she would have had the right to a jury trial." Appellant's Brief at 19.

Initially, we note that Stephanie has failed to demonstrate to this court that she requested that the trial court hold a jury trial. Indeed, given her admission at the dissolution hearing, such a request would

---

**2.** These factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount in-

volved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship to the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Ind. Professional Rule 1.5(a).

have been improper. We further note that after Stephanie made the request that John pay the presumably reasonable attorney fees, the Coots firm was given an assignment of a portion of the property award to Stephanie in the dissolution action. Accordingly, the Coots firm was free to take action on the assignment rather than pursue a needless breach of contract action.

Affirmed.

ROBB, J., and VAIDIK, J., concur.