(No. 35310.—)

THE PEOPLE *ex rel.* Maurice P. Joseph, County Collector, Appellee, *vs.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Opinion filed November 18, 1959.*

WALKER & WILLIAMS, of East St. Louis, for appellant.

JOHN J. HOBAN, State's Attorney, and EUGENE H. WID-
MAN, both of Belleville, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This appeal is prosecuted by the Pennsylvania Railroad
Company, appellant, from a judgment of the county court
of St. Clair County overruling its objection to the 1953
tax levied by and extended on behalf of Non-High School
District 202 of St. Clair County. The case comes to this
court on direct appeal since revenue is involved.

On Monday, September 28, 1953, which was after the
second Tuesday but before the last Tuesday of that month,
the district's board of education adopted a tax levy of
$180,000 for the year 1953. A certificate of levy was filed
with the county clerk the following day and he subsequently

extended a rate which produced a tax of $17,143.04 against the objector's property. The tax was paid under protest, and when the county collector, appellee, sought judgment for delinquent taxes, appellant objected to the entire tax on the ground that the levy had not been made within the statutory time fixed by section 157 of the Revenue Act, (Ill. Rev. Stat. 1953, chap. 120, par. 638,) which required that levies must be made and certified on or before the second Tuesday in September.

The county collector contended that section 17—9 of the School Code, (Ill. Rev. Stat. 1953, chap. 122, par. 17—9,) controlled the time within which the district's levy could be made. It provided that the amounts levied by the school board shall be certified and returned to the county clerk on or before the last Tuesday of September, annually.

We have repeatedly held that statutory provisions regulating the time of making tax levies are mandatory; that a levy is void if made after the date fixed by statute; and that the provision of the school law, that failure to certify and return the certificate of tax levy to the county clerk at the time required by the statute shall not vitiate the tax, has no application where the levy is not made in apt time. (*People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79; *People ex rel. Ward* v. *Chicago and Eastern Illinois Railway Co.* 365 Ill. 202; *People ex rel. Kjellquist* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 Ill. 499.) We have likewise held that the legal effect of the provisions of the school law with reference to certifying and returning the tax levy to the county clerk required that the levy be made on or before the date specified. *People ex rel. Kjellquist* v. *Chicago, Milwaukee and St. Paul Railway Co.* 321 Ill. 499.

The problem is best understood by a historical consideration of the legislative enactments which give rise to this litigation. From the year 1917 (Laws of 1917, p. 742,) through 1952, (Ill. Rev. Stat. 1951, chap. 122, par. 11—3,)

our school laws specifically provided that the tax levies of non-high school districts should be "certified and returned to the county clerk on or before the first Tuesday in October." In *People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79, we held that this direction prevailed over the general direction of section 157 of the Revenue Act which then provided that levies of taxing bodies containing less than 500,000 inhabitants should be made on or before the second Tuesday in August. Ill. Rev. Stat. 1939, chap. 120, par. 638.

Section 11—3 of the School Code was amended in 1953, and the sentence fixing the first Tuesday in October as the final date for certifying and returning the tax levies of non-high school districts to the county clerk was deleted. (Ill. Rev. Stat. 1953, chap. 122, par. 11—3.) Article 11 of the School Code pertains to non-high school districts, and after the amendment of 1953, it contained no provisions which prescribed a time for making or certifying tax levies. The section was again amended in 1957 to expressly fix the last Tuesday in September of each year as the date on or before which non-high school districts must certify and return their tax levies. (Ill. Rev. Stat. 1957, chap. 122, par. 11—3.) This date coincides with that specified in section 17—9 of the School Code.

The School Code was enacted in 1945 and it consolidated all laws pertaining to public schools. Article 17 of the School Code relates to budgets, tax rates and tax anticipation warrants. Section 9 provides: "The school board of each district shall ascertain, as near as practicable, annually, how much money must be raised * * * for the next ensuing year. Such amounts shall be certified and returned to the township treasurer on or before the last Tuesday in September, annually. * * * The township treasurer shall return the certificate to the county clerk on or before the first Tuesday in October. A failure by the school board to file the certificate, or of the treasurer to

return it to the county clerk in the time required, shall not vitiate the assessment." (Ill. Rev. Stat. 1945, chap. 122, par. 17—9.) The statute was subsequently amended but not substantially changed. The words, "The school board of each district," embrace the board of education of a non-high school district. Thus, it is obvious that there was a duplication in this respect in section 3 of article 11 and section 9 of article 17 of the School Code as enacted in 1945.

Section 1 of article 17 as enacted in 1945 made the Illinois Municipal Budget Law (Ill. Rev. Stat. 1945, chap. 120, pars. 365.1 to 365.5.) applicable to all school districts except those in cities which have a population exceeding 500,000 inhabitants and school districts governed by boards of directors. This section was amended in 1951 to provide that the board of education of each school district under 500,000 inhabitants shall, within or before the first quarter of each fiscal year adopt an annual budget. This provision would require that such budget be adopted before October 1 of the fiscal year beginning July 1. This amendment incorporated within article 17 of the School Code the budgetary provision theretofore found in the Municipal Budget Law and it was applicable to the board of education of the non-high school district here involved.

The legislature likewise amended the School Code in 1951 whereby the limitations of section 162a of the Revenue Act, (Ill. Rev. Stat. 1951, chap. 120, par. 643a,) ceased to apply, as of December 31, 1952, to school districts having a population of less than 500,000 inhabitants, (Ill. Rev. Stat. 1951, chap. 122, par. 17—5.2(6),) except to the extent that these restrictions were incorporated in the provisions of section 17—5.2 of the School Code as enacted in 1951, and in section 17—5.3 of the School Code as enacted in 1953. Ill. Rev. Stat. 1951, chap. 122, par. 17—5.2, and Ill. Rev. Stat. 1953, chap. 122, par. 17—5.3.

The posture of the statutes after the 1953 amendment of section 3 of article 11 of the School Code placed the

control of the levy under either section 9 of article 17 of the School Code or section 157 of the Revenue Act. Thus, the validity of the non-high school district's tax depends upon which statutory provision limited the time for making and certifying the levy in question. If the Revenue Act controlled, the levy was not made in apt time and was void; if the School Code governed, it was valid.

Section 157 of the Revenue Act, at the time when the district made its 1953 levy, provided: "The provisions of this Section shall apply only to taxing bodies containing less than 500,000 inhabitants. The proper authorties of towns, townships, districts and incorporated cities, towns and villages, collecting taxes under the provisions of this Act, shall, annually, on or before the second Tuesday in September, *unless some other date is fixed by some other Act for the certifying of taxes for such taxing unit,* certify to the county clerk the several amounts which they severally require to be raised by taxation." (Italics ours)

Thus, this section of the Revenue Act would govern unless another date for certification is specified by some other Act. Section 9 of article 17 of the School Code did fix such other date and, if applicable, would control the time for making the levy and its certification. It is undisputed that article 17 applies to all boards of education having a population of less than 500,000 inhabitants, which includes the non-high school district in question.

The foregoing statement of the statutes involved discloses that this legislation is not without ambiguity. These enactments, being *in pari materia,* should be construed together to determine the intent of the legislature. The primary object of statutory construction is to ascertain and give effect to such intent, and courts should consider the reason or necessity for the enactment, the contemporaneous conditions, existing circumstances, and the object sought to be obtained by the statutes. *People ex rel. Krapf* v. *Hayes,* 13 Ill.2d 143; *People ex rel. Bell* v. *New York*

*Central Railroad Co.* 10 Ill.2d 612; *Petterson* v. *City of Naperville,* 9 Ill.2d 233.

In 1953 the legislature failed to articulately provide whether the time within which non-high school districts made and certified their levies was controlled by section 17—9 of the School Code or section 157 of the Revenue Act. However, we believe that its intent was clear. It acted in 1951 to remove all school districts from the limitations of the Revenue Act and to make the budgetary provisions of article 17 complete without reference to section 365.1 of the Revenue Act. This was a change in the policy of the law. If we were to hold, as appellant urges, that the 1953 deletion from section 11—3 of the School Code caused section 157 of the Revenue Act to control non-high school district levies, we would be ascribing to the legislature a dichotomy of purpose contrary to that manifested in the 1951 amendment of section 17—1 and the enactments of sections 17—5.2 and 17—5.3 of the School Code. And, in so doing, we would also be refusing to recognize the completeness within itself of article 17 of the School Code and its application to all school districts having a population of less than 500,000 inhabitants.

These circumstances recall an oft quoted statement of Mr. Justice Holmes taken from *Johnson* v. *United States,* 163 Fed. 30, 32: "The legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed. The major premise of the conclusion expressed in a statute, the change of policy that induces the enactment, may not be set out in terms, but it is not an adequate discharge of duty for the courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before."

The policy of the legislature to remove all budgetary control of school districts from the provisions of the Revenue Act and place such procedures under the School Code

is evident. This policy is effectuated by holding that the time for making and certifying the 1953 levy in question was controlled by sections 17—1 and 17—9 of the School Code.

For the reasons stated, it is our conclusion that the levy of Non-High School District 202 was made in apt time and was valid. Accordingly, the judgment of the county court of St. Clair County is affirmed.

*Judgment affirmed.*