THE PEOPLE *ex rel*. PAUL M. HAAS, St. Clair County Treasurer and *ex officio* Collector of Taxes, Plaintiff-Appellant, v. AMAX ZINC CO., INC., *et al*., Defendants-Appellees.

Fifth District   No. 5—83—0353

Opinion filed November 28, 1984.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for appellant.

James R. Parham, of Pope & Driemeyer, of Belleville, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

The circuit court of St. Clair County sustained objections to the 1978 and 1979 taxes levied by the St. Clair County Board for the public building commission fund. The objectors whose tax objections were sustained are defendants, AMAX Zinc Company, Inc.; East St. Louis Castings Company; ESTECH General Chemicals Corporation (Swift Agricultural Chemicals Corp.); First Illinois Bank; Illinois-American

Water Company; Illinois Bell Telephone Company; John Morrell & Co. (Division of Hunter Packing Co.); La Salle National Bank Trust #45774; Mobil Oil Corporation; National Nursing Homes, Inc.; Pfizer Inc.; Swift Independent Packing Company (Swift & Co.); The Reverend Oblate Fathers of Illinois, Inc.; Union Electric Company; Norfolk and Western Railway Company; Norfolk and Western Railway Company (Lessee-Assignee of Wabash Railroad Company); and Illinois Central Gulf Railroad Company. Plaintiff, the treasurer and *ex officio* collector of taxes for St. Clair County, has appealed, contending that such levies were proper.

The county boards of the respective counties are required each year to determine the amount of all county taxes to be raised for all purposes. (Ill. Rev. Stat. 1983, ch. 120, par. 637.) This appeal involves certain items included in the 1978 and 1979 appropriations by St. Clair County and relates to the annual rent payable under certain leases between St. Clair County and the Public Building Commission of St. Clair County.

On March 28, 1978, the county entered into an agreement with the Public Building Commission whereby the commission would construct a juvenile detention home and lease the same to the county. The annual rent under that lease was $375,000, payable monthly beginning April 15, 1978. As a result, the lease obligated the county to commence monthly rent payments before it was able to collect taxes for that purpose due to the fact that taxes levied for any given year are not collected until the following year. In its tax levy for the year 1978, the county appropriated the sum of $375,000 to defray the annual rent payable beginning in 1980 plus an additional $512,000 to reimburse the county for rent payments required by the lease prior thereto.

The authority to levy taxes for the purpose of paying the rent required by leases between a county and a public building commission is granted by section 18 of the Public Building Commission Act (Ill. Rev. Stat. 1983, ch. 85, par. 1048). The law in force at the time of this litigation provided:

> "Whenever, and as often as a municipal corporation having taxing power enters into a lease with a Public Building Commission, the governing body of such municipal corporation shall provide by ordinance or resolution, as the case may be, for the levy and collection of a direct annual tax sufficient to pay the annual rent payable under such lease as and when it becomes due and payable. A certified copy of the lease of such municipal corporation and a certified copy of the tax levying ordinance or

resolution, as the case may be, of such municipal corporation shall be filed in the office of the county clerk in each county in which any portion of the territory of such municipal corporation is situated, which certified copies shall constitute the authority for the county clerk or clerks, in each case, to extend the taxes annually necessary to pay the annual rent payable under such lease as and when it becomes due and payable. Upon such filing in the office of the county clerk or clerks of the proper county, it shall be the duty of such county clerk or clerks to ascertain the rate per cent which, upon the value of all property subject to taxation within the municipal corporation, as that property is assessed or equalized by the Department of Local Government Affairs, will produce a net amount of not less than the amount of the annual rent reserved in such lease. The county clerk or clerks shall thereupon, and thereafter annually during the term of the lease, extend taxes against all of the taxable property contained in that municipal corporation sufficient to pay the annual rental reserved in such lease. Such tax shall be levied and collected in like manner with the other taxes of such municipal corporation and shall be in addition to all other taxes now or hereafter authorized to be levied by that municipal corporation. *** The fund realized from such tax levy shall be set aside for the payment of the annual rent and shall not be disbursed for any other purpose until the annual rental has been paid in full. ***.'' Ill. Rev. Stat. 1977, ch. 85, par. 1048.

In compliance with section 18, a certified copy of the March 28, 1978, juvenile detention home lease was filed in the office of the county clerk. However, the resolution providing for the levy and collection of an annual tax sufficient to pay the annual rent under such lease, as required by section 18, was not passed until March 26, 1979, and full compliance with section 18 was not accomplished until November 20, 1980, when a certified copy of the resolution was filed in the office of the county clerk. Notwithstanding, when the county clerk extended the 1978 taxes, both of the above amounts were included in his calculations.

In 1979, in extending taxes against the assessed value of the taxable property within the county, the county clerk again included the amount of $375,000 to pay the regular annual rent for the juvenile detention home. Also included was an additional $600,000, which was purportedly included to correct an error in the 1977 appropriations made to defray the annual rent payable to the public building commission under leases pertaining to the county courthouse and jail. Neither

the juvenile detention home appropriation nor the additional court-house and jail appropriation had been included in the county board's tax levy for the year 1979.

Defendants paid their 1978 and 1979 taxes under protest and petitioned the circuit court for a refund of that portion of such taxes relating to each of the above-described appropriations. Defendants contended that section 18 of the Public Building Commission Act requires that there be filed in the office of the county clerk a certified copy of the resolution providing for the levy and collection of an annual tax sufficient to pay the rent under the juvenile detention home lease. Defendants allege that no such resolution was filed with the county clerk and that, as a consequence, the county clerk had no authority to extend a tax to cover either of the two 1978 appropriations or the 1979 appropriation pertaining to the juvenile detention home lease. The 1979 appropriation of $600,000 was also objected to, the grounds being that a tax for that purpose had not been levied. The circuit court sustained the defendants' objections and ordered the refund of that portion of defendants' 1978 and 1979 taxes relating to the appropriations objected to by defendants.

On appeal, plaintiff contends that the extension of taxes for the rent payments under the juvenile detention home lease was proper. In this regard, plaintiff urges that the failure to file a certified copy of the March 26, 1979, resolution authorizing the county clerk to extend taxes for that purpose was not fatal to the levy by virtue of section 236 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 717). Section 236 provides:

"In all judicial proceedings of any kind for the levying and collection of taxes, no error or informality of any officer or officers in making any tax levy or in certifying or filing the same not affecting the substantial justice of the levy itself, shall vitiate or in any manner avoid the levy or affect the tax and where such an error or informality in a levy, its certification, filing or publication can be corrected by amendment, or a levy can be sufficiently itemized, the purpose defined and made certain by amendment, made prior to the entry of any order of court affecting said levy or the collection of taxes thereon, such amendment or amendments, certification, filing or publication may be made by the proper officer or officers or corporate or other governing authorities of the taxing bodies affected and the ordinance, resolution, publication or certificate, respectively, as amended, certified, filed or published, shall, upon proof of such amendment or amendments, certification, filing or publica-

tion being made to the court, have the same force and effect as though originally adopted, published, filed and certified in the amended form: Provided the aggregate amount or rate of the original levy shall not be thereby increased. No statute now or hereafter enacted terminating the time within which appropriations or tax levies may be made, published, certified or filed, shall apply to any republication, recertification or refiling, or to any amendment or revision authorized or permitted by this section unless such statute shall specifically and expressly repeal, modify or amend this section." (Ill. Rev. Stat. 1983, ch. 120, par. 717.)

Plaintiff contends that section 236 is controlling because at the time the 1978 and 1979 taxes were extended, the resolution authorizing the levy properly had been adopted and an unsigned copy of the resolution was allegedly on file in the office of the county clerk. Prior to the entry of the final judgment in the case at bar, the county filed with the county clerk a certified copy of the resolution levying the taxes in question. Plaintiff contends that such filing places the county in full compliance with the mandate of section 18 of the Public Building Commission Act by virtue of section 236.

At the outset we note that for section 236 to be operative there must have been an otherwise valid levy. (*People ex rel. Franklin v. Wabash R.R. Co.* (1944), 387 Ill. 450, 455, 56 N.E.2d 820, 822.) Furthermore, the levy must be made at or within the time prescribed by the statute authorizing it, and a levy made after the prescribed time is void. (*People ex rel. Joseph v. Pennsylvania R.R. Co.* (1959), 18 Ill. 2d 61, 63, 162 N.E.2d 350, 351.) In the case at bar, the resolution authorizing the 1978 tax levy for the juvenile detention home lease payments was not adopted until March 26, 1979. Therefore, it was not timely adopted and did not operate to authorize the county clerk to include such levy in the extension of taxes for the year 1978. Section 18 of the Public Building Commission Act provides that the tax levied to pay the rent under leases with a public building commission shall be levied and collected in like manner as the other taxes of the taxing authority that is party to the lease. Under the Revenue Act of 1939, in order for the levy to have been timely, it would have been required to have been made at or before the adjournment of the St. Clair County Board's September 1978 session. (Ill. Rev. Stat. 1983, ch. 120, pars. 637, 638.) It was not. Therefore, section 236 of the Revenue Act of 1939 has no application to the 1978 levies in question because they were not made in apt time.

It is not disputed that the resolution authorizing the levy for the

juvenile detention home lease payments was adopted prior to the adjournment of the St. Clair County Board's September 1979 session; however, the circuit court refused to apply section 236 to uphold the 1979 extension of taxes for such purposes on the grounds that there still was no valid levy. The circuit court held that under section 18 of the Public Building Commission Act, the filing of a certified copy of the resolution authorizing the levy was a condition precedent to a valid levy and that because a certified copy of the resolution was not timely filed, the 1979 levy was thereby void, precluding the application of section 236.

■■ ■ One of the cardinal rules of statutory construction is that a statute must be construed so as to give effect to the legislative intent. (*People ex rel. Hopf v. Barger* (1975), 30 Ill. App. 3d 525, 536, 332 N.E.2d 649, 658-59.) The intent of section 236 is to excuse the failure to certify or file an otherwise valid tax levy. To hold, as the circuit court did in the instant case, that a tax levy may not benefit from this provision unless it has been certified and timely filed defeats that legislative intent. Section 236 does not warrant such construction; therefore, we reverse that portion of the circuit court's judgment declaring void that portion of the 1979 taxes levied for the juvenile detention home lease. The resolution authorizing that levy was timely made, and it is not contended that such levy was invalid except for the failure to file a certified copy thereof. We conclude that such defect is procedural and not substantive and should not affect the validity of the tax levy; therefore, the county having complied with the remedial procedures called for by section 236 to correct an otherwise proper tax levy, the defendants' objection to the 1979 levy for the juvenile detention home lease payments should have been overruled. See *Ciacco v. City of Elgin* (1980), 85 Ill. App. 3d 507, 512-13, 407 N.E.2d 108, 112.

■ The last remaining issue on appeal concerns the validity of the extension of the sum of $600,000 in 1979, purportedly to correct an error in the 1977 taxes levied to pay the annual rents due under leases with the Public Building Commission for the county courthouse and jail. The combined annual rental due under those leases was $1,830,000. Pursuant to section 18 of the Public Building Commission Act, the county clerk had been authorized to extend the taxes annually in an amount necessary to pay the annual rent payable under such leases as and when it became due and payable. However, in its tax levy for the year 1977, the county made an appropriation in the amount of $1,230,000 for that purpose. Correspondence contained in the record on appeal indicates that the county intended to obtain the

remaining funds needed to pay that year's rent from other sources. Therefore, the county clerk extended taxes to cover only the $1,230,000 appropriation. Then, in 1979, the county clerk extended an additional $600,000, noting only on his worksheet that the amount was to cover a deficit in the extension of 1977 taxes to pay the annual rent payable under the leases covering the county courthouse and jail.

Plaintiff maintains that this extension was proper by virtue of section 222 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 703), which provides:

> "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by reason of any omission, erroneous proceeding or other cause, the amount of such tax or assessment which such property should have paid may be added to the tax on such property for any subsequent year, in separate columns designating the year or years."

We disagree with plaintiff. Section 222 applies only to situations in which taxes have been properly assessed and levied, but for some reason were not collected. (*Hamer v. Kirk* (1978), 57 Ill. App. 3d 335, 341, 373 N.E.2d 64, 68.) We conclude that the language of section 222 may not be interpreted to permit the extension of additional taxes in subsequent years to cover an error in the original levy without an additional levy having been made. The county attempted to do this in the case at bar. Moreover, were we to assume the applicability of section 222, the county failed to comply with the requirements of that section which requires that a separate designation be made of the amount of the additional tax and the year for which it was levied. In the absence of a supplemental resolution authorizing the additional levy, the failure to segregate is fatal to the tax. *People ex rel. Siekmann v. Pennsylvania R.R. Co.* (1944), 385 Ill. 350, 361, 52 N.E.2d 796, 800-01.

It is our opinion, therefore, that the judgment of the circuit court sustaining defendants' objection to the taxes extended in 1979 for the payment of the annual rent payable under the juvenile detention home lease and ordering the refund thereof should be reversed. The remainder of the circuit court's judgment is affirmed.

Affirmed in part; reversed in part.

WELCH, P.J., and JONES, J., concur.