*In re* APPLICATION OF COUNTY COLLECTOR OF McHENRY COUNTY (Gary Verdung, McHenry County Collector, Plaintiff-Appellant, v. Palatine National Bank, Trust No. 953, *et al.*, Defendants-Appellees).

Second District    No. 2—88—0618

Opinion filed March 29, 1989.

Thomas F. Baker, State's Attorney, of Woodstock, and Allyn J. Franke, of Brydges, Riseborough, Morris, Franke & Miller, of Chicago (David N. Stone, Assistant State's Attorney, of counsel), for appellant.

Richard J. Szura, of Cary, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Gary Verdung, the McHenry County collector, appeals from an order of the trial court granting a tax refund of $10,120.75 to defendant tax objectors Palatine National Bank, trust No. 953, *et al.* The trial court found that plaintiff's extension of a 1984 tax levy for Community School District No. 300 (District 300) was improper because it was filed after the statutory due date. The sole issue presented on appeal is whether section 17—3.2 of the School Code (Code) (Ill. Rev. Stat. 1987, ch. 122, par. 17—3.2) authorizes a county collector to levy a tax for educational purposes after the statutory due date provided for by section 17—11 of the Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—11). We reverse and remand.

Prior to the last Tuesday in December 1984, District 300 filed its tax levy certificate which extended the 1984 tax for educational purposes at a rate of 2.4% for each $100 of assessed valuation. On February 26, 1985, pursuant to section 17—3.2 of the Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—3.2), the voters of District 300 passed a proposition to increase the annual school budget for the current fiscal

year. According to the proposition, the tax rate for educational purposes would be increased from 2.4% to 2.9%. On March 26, 1985, District 300 filed a supplemental levy resolution which extended the 1984 tax for educational purposes at a rate of 2.9%.

On January 24, 1986, defendants filed an objection to District 300's supplemental levy. Defendants' complaint alleged that because District 300 failed to certify and return the supplemental levy to the county clerk on or before the last Tuesday in December, the supplemental levy was void. The trial court agreed with defendants and granted their objections. From that order, plaintiff brought this appeal.

Under section 17—1 of the Code (Ill. Rev. Stat. 1987, ch. 122, par. 17—1), the board of education for each district must, within or before the first quarter of each fiscal year, adopt an annual budget. The board is free to determine the dates upon which its fiscal year revolves. (See Ill. Rev. Stat. 1987, ch. 122, par. 17—1.) For a given tax year, section 17—11 of the Code requires that each district ascertain how much money must be raised by taxes for educational purposes for the ensuing year and certify those amounts to the county clerk on or before the last Tuesday in December. Ill. Rev. Stat. 1987, ch. 122, par. 17—11.

Section 17—3.2 states:

"Whenever the voters of a school district have voted in favor of an increase in the annual tax rate for educational or operations, building and maintenance purposes or both at an election *held after the adoption of the annual school budget for any fiscal year, the board may adopt or pass during that fiscal year an additional or supplemental budget under the sole authority of this Section* by a vote of a majority of the full membership of the board, *any other provision of this Article to the contrary notwithstanding,* in and by which such additional or supplemental budget the board shall appropriate such additional sums of money as it may find necessary to defray expenses and liabilities of that district to be incurred for educational or operations, building and maintenance purposes or both of the district during that fiscal year, but not in excess of the additional funds estimated to be available by virtue of such voted increase in the annual tax rate for educational or operations, building and maintenance purposes or both. Such additional or supplemental budget shall be regarded as an amendment of the annual school budget for the fiscal year in which it is adopted, *and the board may levy the additional tax* * * *

*immediately.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 122, par. 17—3.2.

Plaintiff contends that the plain language of section 17—3.2 clearly authorized the extension of the 1984 tax rate for educational purposes to 2.9%. As plaintiff points out and our independent research confirms, no case has interpreted the provisions of section 17—3.2, and, therefore, the issue raised on review presents this court with a case of first impression in Illinois. To resolve the question raised in this appeal, we must construe the provisions of section 17—3.2.

In construing statutory provisions, our role is to examine the entire statute for guidance as to the legislative intent, determine the objective the statute sought to accomplish and the evils it desired to remedy, and upon ascertaining the legislature's intent, give it effect. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 340-41, 473 N.E.2d 1313, 1315.) Where a statute has not been judicially interpreted, a court is guided by both the plain meaning of the statute's language and the legislative intent. (*Eckman v. Board of Trustees* (1986), 143 Ill. App. 3d 757, 762, 493 N.E.2d 671, 675.) When the statutory language is clear and unambiguous, our only function is to enforce the law as enacted by the legislature. (*Krall v. Secretary of State* (1988), 168 Ill. App. 3d 478, 483, 522 N.E.2d 814, 817-18.) For the following reasons, we determine that section 17—3.2 authorized the increase of the 1984 tax rate for educational purposes to 2.9%.

The trial court found that plaintiff's supplemental levy was invalid because it was made after the date fixed by section 17—11. It is axiomatic that a statute regulating the time for making a tax levy is mandatory and any levy made after the date fixed by statute is void. (*People ex rel. Joseph v. Pennsylvania R.R. Co.* (1959), 18 Ill. 2d 61, 63, 162 N.E.2d 350, 351; *People ex rel. Haas v. Amax Zinc Co.* (1984), 130 Ill. App. 3d 580, 584, 474 N.E.2d 724, 727.) As was previously noted, section 17—11 requires that certification and return of a tax levy to the county clerk be made by the last Tuesday in December. (See Ill. Rev. Stat. 1987, ch. 122, par. 17—11.) Section 17—3.2, however, gives a school district the ability to adopt a supplementary budget should the original budget fall short of meeting the financial obligations incurred during a given fiscal year. (See Ill. Rev. Stat. 1987, ch. 122, par. 17—3.2.) Section 17—3.2 further provides that a school district's board of education may levy an additional tax *immediately* to obtain the revenue for the supplemental budget.

██ █ Although at first blush these sections seem to conflict, a plain reading of section 17—3.2 in conjunction with section 17—11 evinces the legislature's intent to alter the date upon which a levy must be made in cases where a school district needs to raise additional funds for a supplemental budget. Furthermore, when interpreting a statute, a court should not construe it in such a way so as to make words or phrases superfluous, and it should not be presumed that the legislature intended a meaningless act in enacting a statute. (*Niven v. Siqueria* (1985), 109 Ill. 2d 357, 365-67, 487 N.E.2d 937, 942-43.) Under the trial court's reasoning, section 17—11 would render the use of the term "immediately" in section 17—3.2 superfluous. If, as the trial court concluded, section 17—11 fixed the date upon which any and all taxes for educational purposes must be levied, the passing of a supplemental budget under section 17—3.2 would be a useless act because the taxes needed to support such a budget could not be levied until the following tax year.

We choose not to adopt such an interpretation. It is clear that the legislature enacted section 17—3.2 as a method by which a school district could raise additional budgetary funding during a given fiscal year. Therefore, we construe section 17—3.2 as authorizing the extension of additional taxes for educational purposes at any time during a given fiscal year.

██ Defendant asserts that section 17—3.2 does not provide authority for plaintiff's extension of the 1984 tax rate for educational purposes because section 17—3.2 makes no provision for compliance with the Truth in Taxation Act (Ill. Rev. Stat. 1987, ch. 120, par. 861 *et seq.*) or the duties of the county collector (see Ill. Rev. Stat. 1987, ch. 120, par. 671). Defendant's assertion is meritless. The purpose of the Truth in Taxation Act is to require taxing districts to disclose by publication and to hold a public hearing on any aggregate levy in an amount more than 105% of the property tax to be extended. (Ill. Rev. Stat. 1987, ch. 120, par. 863.) Adoption of a supplemental budget under section 17—3.2 can only be accomplished through voter approval and, therefore, meets the requirements of the Truth in Taxation Act. Additionally, we fail to discern how the extension of an additional levy materially impedes the county collector's efforts to collect taxes. Obviously, the supplemental levy under section 17—3.2 must be filed at a time the county collector can without delay incorporate the levy into the tax bills. No problem in this regard was present in this case.

██ The record indicates that District 300 properly filed a supplemental levy resolution with plaintiff which increased the tax rate for

educational purposes to 2.9%. Because section 17—3.2 authorized the immediate extension of the increased 1984 tax rate, we reverse the trial court's decision which granted defendants' objections, and the cause is remanded for further proceedings consistent with this opinion.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

LINDBERG and McLAREN, JJ., concur.