AFFILIATED BANK, Plaintiff-Appellee, v. EVANS TOOL AND MANU-FACTURING COMPANY, INC., Defendant-Appellant (Argee Manufacturing Company, Defendant-Appellee).

Second District   No. 2—91—0915

Opinion filed May 21, 1992.

Paul A. Lewis and Lisa M. Nyuli, both of Alschuler, Putnam, McWethy, Funkey & Lewis, P.C., of Aurora, for appellant.

Jonathan L. Loew and David H. Addis, both of Spitzer, Addis, Susman & Krull, of Chicago, and Mark N. Mathias, of Morton Grove, for appellee Affiliated Bank.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Evans Tool & Manufacturing Company, Inc. (Evans), appeals the order of the circuit court of Kane County granting summary judgment in favor of plaintiff, Affiliated Bank (Affiliated), on its complaint for declaratory judgment. The court held that Affiliated's perfected security interest in certain plastic molds took priority over Evans' lien under the Tool and Die Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 351 *et seq.*). On appeal, Evans contends that the court erred in determining that Affiliated's security interest was superior to Evans' statutory lien. We affirm.

In 1986, Argee Manufacturing Company, Inc. (Argee), gave Affiliated a security agreement covering personal property then owned or thereafter acquired by Argee. The agreement covered all Argee's physical assets, including machinery, equipment, inventory, raw materials, work in progress, finished goods, tools and service parts. The agreement was perfected pursuant to the Uniform Commercial Code (the Code) (Ill. Rev. Stat. 1989, ch. 26, par. 9—204).

On January 25, 1991, Argee executed a promissory note to Affiliated in the principal amount of $150,000. The note provided for monthly payments of approximately $15,000. In March and April 1991, Argee defaulted on its monthly installment payments. Affiliated exercised its option to accelerate the note and demanded payment of the principal balance of $135,000 plus accrued interest.

Evans was also a creditor of Argee. Evans is engaged in plastic and metal processing and had Argee as one of its customers. Pursuant to an agreement with Argee, Evans processed sheet plastic into video-cassette cases using molds owned by Argee but physically kept at Evans' plant.

Argee became indebted to Evans in the amount of $81,577.27 for the plastic processing work done by Evans. On February 1, 1991, Evans sent notice that it was claiming a lien on the Argee molds and other items pursuant to the Tool and Die Lien Act (the Act) and stated its intention to retain possession of the molds to secure the debt from Argee.

On May 1, 1991, Affiliated filed a complaint against Evans and Argee. The complaint contained three counts and sought: (a) replevin of the molds from Evans; (b) a declaratory judgment that its lien under the Uniform Commercial Code was entitled to priority over Evans' statutory lien; and (c) an injunction to prevent Evans and Argee from disposing of the molds.

Evans filed an answer asserting the priority of its statutory lien over Affiliated's security interest and also filed a counterclaim against Argee for the balance due. Argee appeared but did not file an answer.

At that time, a buyer was willing to purchase the molds for their fair-market value. The parties entered into a stipulation allowing the immediate sale of the molds for $60,000 without prejudice to the rights of the parties. The proceeds were to be placed in an interest-bearing account pending resolution of the rights of the parties by the court.

Subsequently, Affiliated moved for summary judgment, and the parties briefed the issues relative to the priority of their respective liens. The court granted summary judgment for Affiliated, finding that its claim pursuant to the Code security agreement was superior to that of Evans under the Act. The court found that the replevin and injunction counts were moot. Evans filed a timely notice of appeal.

Argee is not a party to this appeal and apparently does not contest the right of either remaining party to the molds. Evans does not dispute that Affiliated properly perfected its security interest prior to Evans' notice of its lien claim. Thus, the sole issue for our determination is whether Affiliated's security interest under the Uniform Commercial Code is entitled to priority over Evans' lien claim under the Act.

■ The Tool and Die Lien Act became effective January 1, 1988. This is apparently the first case to construe this statute. Section 1 of the Act provides:

"Plastic or metal processors or persons conducting a plastic or metal processing business shall have a lien on the tools, dies, molds, jigs, fixtures, forms or patterns in their possession belonging to a customer, for the balance due them from such \*\*\* work. The processor may retain possession of the tool, die, mold, jig, fixture, form or pattern until such balance is paid, *subject only to a security interest properly perfected pursuant to Article 9 of the Uniform Commercial Code.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 82, par. 351.

Affiliated maintains that the plain, unambiguous language of the Act makes the lien subject to a properly perfected security interest under the Code. Evans rests its claim of priority, however, on section 6 of the Act providing for the distribution of proceeds following the sale of the collateral. Section 6 of the Act provides:

"If the sale is for a sum greater than the amount of the lien, the excess shall be paid to any prior lienholder and any remainder to the customer." Ill. Rev. Stat. 1989, ch. 82, par. 356(B).

Evans contends that section 6 gives it priority to the sale proceeds to the extent of its claim. Since the sale proceeds were insufficient to cover the entire indebtedness from Argee to Evans, Evans contends it is entitled to the entire amount.

Since there are no prior cases which have interpreted the Act, we resolve this issue through ordinary principles of statutory construction. The overriding goal of statutory construction is to determine and give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316; *In re Application of County Collector* (1989), 181 Ill. App. 3d 345, 348.) When the statutory language is clear and unambiguous, our only function is to enforce the law as enacted by the legislature. (*County Collector*, 181 Ill. App. 3d at 348.) A statute should be construed, if possible, so as to give meaning to every portion of it. (*People v. Fabing* (1991), 143 Ill. 2d 48, 54.) In construing statutes, courts will presume that the legislature did not intend absurdity, inconvenience or injustice. *Steppan*, 105 Ill. 2d at 316.

■ With these principles in mind, we determine that the circuit court correctly determined that Affiliated's lien is entitled to priority. The clear language of the Act provides that the lien created thereby is "subject to" a properly perfected security interest under the Code. The language in section 6 refers only to the distribution of the sale proceeds and not to the priority of the lien. Moreover, it is clear that the reference to prior liens in this section concerns the possible existence of a prior lien which is not entitled to priority, such as perhaps an unperfected security interest. Any other construction of this sec-

tion would render the express priority provision of section 1 meaningless. Reading the two sections in *pari materia* it would appear that a perfected security interest had priority over the statutory lien as long as the lien creditor was in possession, but that the priority was lost as soon as the creditor sold the collateral. The lien creditor could then entirely defeat the prior security interest simply by selling the collateral and retaining the proceeds to the extent of the debt. We are convinced that the legislature did not intend such a result.

Evans contends, however, that section 9—310 of the Code supports its claim to priority. That section provides:

> "When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest *unless* the lien is statutory and *the statute expressly provides otherwise*."

(Emphasis added.) (Ill. Rev. Stat. 1989, ch. 26, par. 9—310.) This argument ignores the plain language of the Act, which does "provide otherwise," providing that the lien created by the Act is subject to a perfected security interest under the Code.

Moreover, this section does not appear to apply to the instant case. It has been held that this section applies only to a lien created by virtue of work done on the collateral which enhances or preserves the value of the collateral. (Ill. Ann. Stat., ch. 26, par. 9—310, Illinois Code Comment, at 88 (Smith-Hurd Supp. 1992); *Peterson v. Ziegler* (1976), 39 Ill. App. 3d 379, 385.) Here, the lien claimed by Evans resulted from work which did not enhance the value of the molds; rather, the molds were simply used to produce other goods at Argee's order.

In the absence of enhancement, the proper priority provision of the Code is section 9—301. (Ill. Rev. Stat. 1989, ch. 26, par. 9—301; see *Peterson*, 39 Ill. App. 3d at 385-86.) Section 9—301 provides, in relevant part, as follows:

> "A person who becomes a lien creditor while a security interest is perfected takes subject to the security interest only to the extent that it secures advances made before he becomes a lien creditor or within 45 days thereafter or made without knowledge of the lien or pursuant to a commitment entered into without knowledge of the lien." Ill. Rev. Stat. 1989, ch. 26, par. 9—301(4).

It is not disputed that all the advances made by Affiliated occurred prior to Evans' becoming a lien creditor or within 45 days

thereafter. The lien did not attach until, at the earliest, February 1, 1991. Argee executed the note to Affiliated on January 25, 1991. Thus, Evans' lien was "subject to" Affiliated's prior security interest.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT and DOYLE, JJ., concur.