No. 2--96--0724

                       

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

VERNON HILLS III LIMITED             )  Appeal from the Circuit Court

PARTNERSHIP,                         )  of Lake County.

                                     )

     Plaintiff and Counter-          )  

     defendant-Appellee,             )

                                     )  

v.                              )  Nos. 95--CH--587, 

                                )       95--CH--628,

ST. PAUL FIRE AND MARINE        )       95--CH--903

INSURANCE COMPANY,                   )  

                                     )  

     Defendant                  )

                                     )  

(Bucon, Inc., d/b/a Butler      )  Honorable

Construction Company, Defendant )  Peter M. Trobe, 

and Counterplaintiff-Appellant).)  Judge, Presiding.

          _______________________________________________________________

     PRESIDING JUSTICE GEIGER delivered the opinion of the court:

     The defendant and counterplaintiff, Bucon, Inc. (Bucon),

appeals from the April 23, 1996, order of the circuit court of Lake

County granting summary judgment in favor of the plaintiff and

counterdefendant, Vernon Hills III Limited Partnership (VHLP), on

its claim for declaratory judgment.  The trial court ruled that

Bucon forfeited its mechanic's lien by failing to commence an

action to foreclose the lien within 30 days after receipt of VHLP's

written demand to sue, as required by section 34 of the Mechanics

Lien Act (the Act) (770 ILCS 60/34 (West 1994)).  On appeal, Bucon

argues that the trial court erred in finding that VHLP's letter of

July 29, 1994, constituted a written demand to sue pursuant to

section 34 of the Act.  We affirm and remand.

     The facts necessary for the disposition of this appeal are as

follows.  On February 18, 1993, VHLP contracted with Bucon to

design and build a shopping center in Vernon Hills.  Bucon was to

design and construct all of the buildings, as well as numerous site

improvements, including the parking lot and utility connections. 

The contract provided that Bucon would be paid approximately $15

million for the project.  Bucon commenced construction in the

spring of 1993, and a certificate of substantial completion was

issued on August 22, 1994.

     On July 21, 1994, Bucon filed a mechanic's lien against the

shopping center in the Lake County recorder's office.  The lien was

in the amount of $1,315,249.  On August 1, 1994, Bucon received,

via certified mail, a letter from VHLP dated July 29, 1994.  The

letter provides, in pertinent part:

          "Pursuant to Article 11.4 of that certain Design Build

     Contract dated as of February 18, 1993, *** between [VHLP] and

     [Bucon] for the design and construction of a retail shopping

     center *** located in Vernon Hills, Illinois, this letter

     shall serve as notice of your breach on the Contract pursuant

     to Article 11.5.2 of the Contract.

          Article 11.5.2 of the Contract provides that '[i]n no

     event may Design/Builder file, or permit those whom it

     controls or for whom it has legal responsibility under the

     Contract to file, a mechanics' *** lien or claim for lien for

     work performed under the Contract ***.'  However, on July 21,

     1994, a claim for lien in the amount of $1,315,249.00 was

     filed in the Lake County Recorder's Office ***.  This course

     of action is clearly in violation of the Contract.

          We hereby demand that you either immediately release your

     lien or bring suit to enforce it so that this matter can be

     expeditiously resolved.  We fully intend to look to your

     organization in order to recapture any additional costs we may

     incur in connection with your actions.  In addition, in the

     event this lien is not released of record immediately, we will

     pursue all other rights and remedies available in the

     Contract, at law or in equity in response to your breach and

     your failure to fulfill the requirements of this letter."

     On August 3, 1994, Bucon received a follow-up letter from

VHLP's attorney dated July 28, 1994.  The letter provided as

follows:

          "You should be receiving, if you have not received

     already, a copy of ownership's letter in connection with the

     mechanic's lien you recently filed under Illinois' Mechanic's

     Lien Statute (770 ILCS 60/1, et seq.).  It is not the purpose

     of this letter to alter the contents of ownership's letter,

     but I did want to initiate with you a discussion as to why you

     have filed the lien and what purpose you think it will serve

     and further to suggest a dialogue to accomplishing the mutual

     objectives of your company and ownership.  If you are so

     inclined, please give me a call."

     Thereafter, VHLP's attorney and Bucon's attorney had several

conversations in which they discussed the lien.  During these

conversations, Bucon's attorney explained that, although Bucon

intended to preserve its rights under the Act, it would nonetheless

assist VHLP in closing out the project.  VHLP's attorney reiterated

VHLP's position that Bucon had breached the contract by filing the

lien.

     On August 4 and 17, 1994, VHLP's attorneys wrote Bucon

regarding certain paperwork that had to be completed in order to

close out the project and to get the property ready for sale. 

After August 1994, Bucon and VHLP continued to correspond through

their attorneys with respect to completing the steps necessary to

close out the project.  Bucon fully cooperated with these efforts

to complete the project.

     On October 27, 1994, VHLP made a claim to Bucon seeking

liquidated damages arising from construction delays on the project. 

Between November 1994 and August 1995, Bucon and VHLP engaged in

negotiations in an attempt to settle Bucon's lien and VHLP's delay

claim.  The parties arrived at a tentative settlement agreement

whereby Bucon would discount its lien from $1,315,249 to

$922,901.50 and the parties would mutually release their claims. 

However, this settlement agreement broke down when the parties were

unable to reach an agreement with respect to alleged defects in the

building's roof.

     On January 13, 1995, VHLP filed suit against Bucon claiming

damages in excess of the amount of Bucon's lien.  On February 27,

1995, VHLP filed an amended five-count complaint.  Count IV, which

is the only count relevant on appeal, sought a declaration that

Bucon had forfeited its mechanic's lien by failing to commence an

action to foreclose its lien within 30 days after receipt of VHLP's

written demand to sue as required by section 34 of the Act (770

ILCS 60/34 (West 1994)).  In June 1995, Bucon filed a counterclaim

against VHLP seeking a judgment in the amount of its contract

balance.  On August 30, 1995, Bucon filed a separate action seeking

enforcement of its lien.

     On January 19, 1996, VHLP filed a motion for summary judgment

on count IV of the amended complaint.  VHLP argued that its letter

of July 29, 1994, was a written demand, made pursuant to section 34

of the Act, that Bucon commence suit to enforce its mechanic's

lien.  Although Bucon received VHLP's letter on August 3, 1994, it

did not file suit to enforce its lien within the next 30 days. 

VHLP therefore concluded that Bucon had forfeited its lien under

section 34 of the Act.

     In response to the motion, Bucon argued that VHLP's July 29,

1994, letter was not a written demand to sue under section 34 of

the Act.  Bucon argued that the letter did not contain any

reference to section 34 and did not indicate that Bucon's failure

to commence suit within 30 days would render its lien void.  In

support of its position, Bucon submitted the affidavit of its

attorney stating that he did not understand the July 29, 1994,

letter to be a demand pursuant to section 34 of the Act.  Bucon's

attorney also stated that he was unaware of section 34 at the time

he received the letter and that at no time did VHLP's attorney

mention the statute or its contents.  Alternatively, Bucon argued

that, even if the July 29, 1994, letter was a written demand to sue

under section 34 of the Act, VHLP was estopped from asserting the

defense due to its subsequent conduct and attempts to settle the

lien.

     On April 23, 1996, the trial court granted VHLP's motion for

summary judgment and declared Bucon's mechanic's lien forfeited and

null and void.  On May 23, 1996, the trial court made this order

final and appealable pursuant to Supreme Court Rule 304(a) (155

Ill. 2d R. 304(a)).  Bucon filed a timely notice of appeal.

     Bucon first argues that the trial court erred in determining

that, as a matter of law, VHLP's July 29, 1994, letter satisfied

the statutory demand requirements of section 34 of the Act.  Bucon

argues that this question is a disputed material fact which

precludes the entry of summary judgment.

     The purpose of a motion for summary judgment is to determine

whether a genuine issue of triable fact exists (Purtill v. Hess,

111 Ill. 2d 229, 240 (1986)), and a motion for summary judgment

should be granted only when "the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law" (735

ILCS 5/2--1005(c) (West 1994)).  In determining the existence of a

genuine issue of material fact, the court must construe the

evidence strictly against the moving party and liberally in favor

of the nonmoving party.  Gatlin v. Ruder, 137 Ill. 2d 284, 293

(1990).  The disposition of a summary judgment motion is not

discretionary and the standard of review is de novo.  Quinton v.

Kuffer, 221 Ill. App. 3d 466, 471 (1991).

     Section 34 of the Act provides, in pertinent part:

          "Upon written demand of the owner *** served on the

     person claiming the lien ***, requiring suit to be commenced

     to enforce the lien or answer to be filed in a pending suit,

     suit shall be commenced or answer filed within 30 days

     thereafter, or the lien shall be forfeited.  Such service may

     be by registered or certified mail, return receipt requested,

     or by personal service."  770 ILCS 60/34 (West 1994).

     The failure of the lienholder to commence suit within 30 days of

receipt of a written notice made pursuant to section 34 of the Act

operates to forfeit and remove the mechanic's lien.  Pickus

Construction & Equipment Co. v. Bank of Waukegan, 158 Ill. App. 3d

141, 146 (1987).

     We are not aware of any Illinois case that has specifically

articulated the precise language required of a written demand to

sue made pursuant to section 34 of the Act.  Lacking any such

judicial interpretation, we will look to the plain meaning of the

statute's language, as well as the legislature's intent in

enacting the statute.  See In re Application of County Collector,

181 Ill. App. 3d 345, 348 (1989).  The best indication of the

legislature's intent is the statute's language, and, where the

statutory language is unambiguous, the court must enforce the law

as written.  Oak Brook Park District v. Oak Brook Development Co.,

170 Ill. App. 3d 221, 229 (1988).  We also note that mechanics

lien statutes are in derogation of the common law, and therefore

such statutes must be strictly construed.  Matthews Roofing Co. v.

Community Bank & Trust Co., 194 Ill. App. 3d 200, 205 (1990).

     Applying these rules of statutory construction to the instant

case, we conclude that VHLP's July 29, 1994, letter satisfied the

written demand requirements of section 34 of the Act and triggered

the tolling of the 30-day limitation period.  The plain language

of the statute requires only that the owner of the property make

a written demand to the lienholder requiring that suit be

commenced to enforce the lien.  Such a written demand must be

served either personally or by registered or certified mail,

return receipt requested.  VHLP's letter of July 29, 1994,

satisfies all of these statutory requirements: the letter is a

written demand by the property owner (VHLP) to the lienholder

(Bucon), demanding Bucon to "either immediately release" the lien

or to "bring suit to enforce it."  The letter was sent via

certified mail, return receipt requested, and Bucon signed for the

letter on August 1, 1994.

     Bucon correctly notes that the July 29, 1994, letter makes no

reference to either section 34 of the Act or the requirement that

Bucon file a lien enforcement suit within 30 days.  Such

information, however, is not statutorily required by section 34 of

the Act.  We decline to impose additional notice requirements that

are not contained within the plain language of the statute.  It

was not the responsibility of VHLP to educate Bucon, or its

attorney, about the operation and effect of the Act.  As the July

24, 1994, letter satisfied all of the statutory requirements of

section 34, it was effective to trigger the tolling of the 30-day

period during which Bucon was obligated to commence suit to

enforce its lien.

     Bucon also argues that, even if the July 24, 1994, letter was

a sufficient demand pursuant to section 34 of the Act, VHLP is

estopped from raising such a defense by reason of its conduct

during the 30-day period after Bucon received the letter. 

Specifically, Bucon relies on VHLP's participation in settlement

negotiations on Bucon's lien, as well as VHLP's repeated requests

for Bucon's assistance with the paperwork necessary to close out

the project.  This argument is without merit.

     Illinois courts have held that the time limitations contained

in the various sections of the Act are jurisdictional and that

there is no right to a lien unless the statutory periods are

complied with.  Muehlfelt v. Vlcek, 112 Ill. App. 2d 190, 193

(1969).  These time limitations are not subject to waiver or

estoppel, because unlike statutes of limitation, they are not

merely a limitation on the remedy afforded under the Act, but

rather a condition which must be satisfied before the right to the

remedy under the Act exists.  Garbe Iron Works, Inc. v. Priester,

99 Ill. 2d 84, 88 (1983);  D.M. Foley Co. v. North West Federal

Savings & Loan Ass'n, 122 Ill. App. 3d 411, 418 (1984).  The

failure to comply with the Act's time limitations results in the

loss of the statutory remedy afforded under the Act.  Well Done

Heating & Sheet Metal Co. v. Ralph Schwartz & Associates, 112 Ill.

App. 3d 438, 442-43 (1983).

     However, even if the estoppel doctrine could be applied to

bar VHLP from asserting the defense provided by section 34 of the

Act, the circumstances in the instant case would not support the

doctrine's application.  Estoppel applies only in those instances

where: (1) the defendant has made some misrepresentation or

concealment of a material fact; (2) the defendant had knowledge,

either actual or implied, that the representations were untrue at

the time they were made; (3) the plaintiff was unaware of the

untruth of the representations both at the time they were made and

the time they were acted upon; (4) the defendant either intended

or expected his representations or conduct to be acted upon; (5)

the plaintiff did, in fact, rely upon or act upon the

representations or conduct; and (6) the plaintiff has acted on the

basis of the representations or conduct such that he would be

prejudiced if the defendant is not estopped.  Strom International,

Ltd. v. Spar Warehouse & Distributors, Inc., 69 Ill. App. 3d 696,

703 (1979).  The mere pendency of negotiations conducted in good

faith is insufficient to give rise to estoppel.  Viirre v. Zayre

Stores, Inc., 212 Ill. App. 3d 505, 515 (1991).

     In making its estoppel argument, Bucon focuses on several

letters by VHLP attorneys to Bucon during the 30 days following

its receipt of the July 24, 1994, letter.  These communications

related to (1) the parties' "mutual objectives" in resolving

matters and closing out the project without resorting to

litigation; (2) VHLP's request that Bucon assist with the

paperwork necessary to close out the project; and (3) a plan for

the project's closeout and the deposit of Bucon's lien waiver in

escrow.  Bucon argues that the totality of this conduct creates a

question of fact as to whether VHLP "lulled" Bucon into not filing

a suit to enforce its lien.

     Contrary to Bucon's assertions, however, in none of these

letters does VHLP indicate that it was withdrawing its written

demand to sue.  Rather, these communications discuss the steps

necessary to close out the project and express the general hope

that litigation could be avoided.  Such correspondence does not

reasonably support an inference that VHLP was relinquishing its

statutory rights pursuant to section 34 of the Act.  In fact,

VHLP's attorney expressly indicated in a July 28, 1994, letter

that it was not the intent of the communication to alter the

contents of "ownership's letter in connection with the mechanic's

lien" filed by Bucon.  We cannot believe that Bucon was "lulled"

into not filing suit, when its own attorney admitted that he was

unaware of the procedural requirements set out by section 34 of

the Act.  We therefore conclude that VHLP was not estopped from

exercising its statutory rights pursuant to section 34 and that

the trial court properly entered summary judgment in its favor.

     As its final argument, Bucon contends that the application of

section 34 to forfeit its lien is unconstitutional.  Bucon asserts

that the written demand provisions of section 34 are insufficient

to satisfy the requirements of procedural due process.  Bucon

argues that it should have been given an opportunity to be heard

prior to the deprivation of its property interest in the lien.

     We do not address the merits of this argument as it has not

been properly presented on appeal.  Supreme Court Rule 341(e)(7)

(155 Ill. 2d R. 341(e)(7)) admonishes appellants that argument in

an appellant's brief shall include "citation of the authorities

*** relied on.  ***  Points not argued are waived and shall not be

raised in the reply brief ***."

     A reviewing court is entitled to have issues clearly defined

with pertinent authority cited and coherent arguments presented;

arguments inadequately presented on appeal are waived.  Spinelli

v. Immanuel Lutheran Evangelical Congregation, Inc., 118 Ill. 2d

389, 401 (1987).  Statements unsupported by argument or citation

of relevant authority do not merit consideration on review. 

Holmstrom v. Kunis, 221 Ill. App. 3d 317, 325 (1991).  A reviewing

court will not become an advocate for, as well as the judge of,

points the appellant seeks to raise.  Holmstrom, 221 Ill. App. 3d

at 325.

     Bucon has barely articulated, much less properly supported,

grounds for its constitutional argument.  The only authority cited

by Bucon in its appellate brief is Connecticut v. Doehr, 501 U.S.

1, 115 L. Ed. 2d 1, 111 S. Ct. 2105 (1991), and this authority was

cited without comment.  We agree with VHLP that Doehr is

inapposite to the situation presented here.  In Doehr, the United

States Supreme Court held that Connecticut's ex parte attachment

procedure was unconstitutional because it permitted trial courts

to make a prejudgment attachment of real estate without prior

notice or hearing to the landowner.  501 U.S. at 24, 115 L. Ed. 2d

at 21, 111 S. Ct. at 2119.  Section 34 of the Act does not impress

a lien on a landowner's property interest; instead, the section

creates a statutory limitation period for a lienholder to enforce

its lien.  Because Bucon has failed to cite any relevant authority

to support its argument, it has waived the argument pursuant to

Rule 341(e)(7).

     For the foregoing reasons, the judgment of the circuit court

of Lake County is affirmed, and this cause is remanded for further

proceedings consistent with this decision.

     Affirmed and remanded.

     INGLIS and HUTCHINSON, JJ., concur.