FIRST DIVISION

December 8, 1997

No. 1-96-3482

IN THE MATTER OF THE APPLICATION OF ) Appeal from the

THE COUNTY COLLECTOR OF COOK COUNTY, ) Circuit Court 

ILLINOIS FOR THE TAX YEAR 1988. ) of Cook County.

------------------------------------ )

EDWARD J. ROSEWELL, Cook County )

Collector, )

)

Relator-Appellee, )

)

v. )

) 

JOHN H. NALBACK ENGINEERING CO., 
et al.
,)

)

Objectors-Appellants, )

v. )

)

NORTHFIELD PARK DISTRICT, and THE PARK
 ) Honorable

DISTRICT OF OAK PARK, ) FRANCIS BARTH,

) Judge Presiding.

Tax Districts-Appellees. )

PRESIDING JUSTICE BUCKLEY delivered the opinion of the 

court:

This is an appeal from the final judgment of the trial court in a tax objection proceeding that overruled the objections and  entered judgment approving the 1988 taxes levied by the Northfield Park District and the Park District of Oak Park (the taxing districts).  The following issues are raised by the objectors on appeal:  (1) whether the failure of the taxing districts to file their 1988 budget and appropriation ordinances with the county clerk prior to his extension of the 1988 tax levies rendered the 1988 extensions illegal and subject to objection by the taxpayers; and (2) whether the trial court's ruling deprived the taxpayers of their property without due process of law in violation of the Due Process Clauses of article I, section 2 of the Illinois Constitution and the fourteenth amendment to the United States Constitution. Ill. Const. 1970, art. I, §2; U.S. Const., amend. XIV.

On June 7, 1988, the board of commissioners of the Northfield Park District adopted the district's combined budget and appropriation ordinance for the fiscal year ending June 30, 1989.  On September 6, 1988, the board adopted the district's 1988 tax levy ordinance which was designed to defray a part of the appropriation.

On March 15, 1988, the board of the Park District of Oak Park adopted the district's combined budget and appropriation ordinance for the fiscal year ending December 31, 1989.  On September 6, 1988, the board adopted the district's 1988 tax levy ordinance which was to be applied toward the appropriation.

At the time that the county clerk extended the 1988 taxes in 1989 for both taxing districts, no copies of the 1988 budget and appropriation ordinances had yet been filed with the county clerk.  The county clerk did not notify the taxing districts of the fact that they had failed to file their 1988 budget and appropriation ordinances.

A certified copy of the 1988 budget and appropriation ordinance for the Northfield Park District was filed with the county clerk on March 3, 1995.
  A certified copy of the 1988 budget and appropriation ordinance for the Park District of Oak Park was filed with the county clerk on August 9, 1994. 

The taxing districts claim that they inadvertently failed to file their 1988 budget and appropriation ordinances with the county clerk, and that the validity of the taxes is unaffected by the omission.  The objectors contend that the taxing districts' tax levies are void in their entirety due to their failure to timely file certified copies of their respective budget and appropriation ordinances with the county clerk, as required by section 162 of the Revenue Act, now part of the Property Tax Code.  35 ILCS 200/18-50 (West 1996).

After paying the 1988 taxes under protest, the objectors filed their objections to the extension of the tax levies for both districts on February 5, 1990, alleging that the taxing districts had failed to comply with the statutory requirements.  

Cross-motions for summary judgment were filed.  On January 18, 1996, the trial court denied the objectors' motion for summary judgment and granted the taxing districts' joint motion for summary judgment.  The court found that section 162 "requires action by the clerk to be a condition precedent to any sanctions to be imposed against these taxing districts."  

According to the trial court, the sole remedy for the taxing districts' failure to file their respective budget and appropriation ordinances is the clerk's refusal to extend the levy, but only after properly notifying the districts.  The court ruled that no "viable objection [was] created by the clerk's failure to comply with the provisions of section 162 ***.  [T]he statute *** does not impose upon the taxing districts themselves the burden of paying the price or incurring the penalty of the clerk's failure to carry out the responsibilities imposed upon that office by the General Assembly."

In the alternative, the trial court held that the taxing districts' failure to file their budget and appropriation ordinances must be construed as a procedural defect.  Such defects, "not affecting the substantial justice of the tax, shall not vitiate or in any manner affect the tax" since they are readily correctable.  Finally, the trial court held that by statute, there is no nexus between a taxing district's budget and appropriation ordinance and the validity of its tax levy.  As a result, the appellees' failure to file their respective budget and appropriation ordinances with the county clerk prior to the extension of the tax levies did not nullify the otherwise valid tax levies.

On March 21, 1996, the trial court denied the objectors' motion for reconsideration.  On August 30, 1996, the trial court entered a final judgment order, overruling the objections and sustaining the 1988 taxes as extended.  Timely notice of appeal was filed on September 27, 1996.

We will first examine whether the failure of the taxing districts to file their budget and appropriation ordinances with the county clerk prior to his extension of the 1988 taxes was fatal to the tax levies.  Section 162 of the Revenue Act requires taxing districts to file certified copies of their budget and appropriation ordinances with the county clerk within 30 days of their adoption.  35 ILCS 200/18-50 (West 1996).  The section also provides that failure to file the required documents shall authorize the county clerk to refuse to extend the tax levy until such documents are filed, but only after giving timely notice of the failure to the taxing district.  35 ILCS 200/18-50 (West 1996). 

It is well-settled that "[w]here a statute creates a new right unknown to the common law, and at the same time gives a remedy for its enforcement, the remedy so prescribed is exclusive."  
Hicks v. Williams
, 104 Ill. App. 3d 172, 176, 432 N.E.2d 1278, 1281 (1982).  Where the language of a statute is clear and unambiguous, the only function of the courts is to enforce the law as enacted by the legislature.  
Certain Taxpayers v. Sheahen
, 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764 (1970).

Section 162 explicitly provides a remedy for the enforcement of the duty of a taxing district to file a budget and appropriation ordinance with the county clerk prior to the extension of the district's tax levy.  The statutory section authorizes the county clerk to refuse to extend the tax levy until the budget and appropriation ordinance is filed.  However, timely notice of the failure to file must be given to the taxing district so that the defect may be cured.  Section 162 does not render a tax levy illegal due simply to a district's failure to file its budget and appropriation ordinance with the county clerk prior to the tax extension.  

In this case, it is undisputed that the county clerk did not notify the taxing districts of their failure to file their 1988 budget and appropriation ordinances.  According to the plain language of section 162, then, the county clerk, could not refuse to extend the taxing districts' 1988 tax levies.    

This case is comparable to 
People ex rel. Haas v. Amax Zinc Co., Inc.
, 130 Ill. App. 3d 580, 474 N.E.2d 724 (1984).  In 
Haas
, the St. Clair county board properly adopted a tax levy to defray the county's juvenile detention home lease payments, but failed to file a certified copy of the resolution with the county clerk within the time contemplated by statute.  The clerk nonetheless extended the county's tax levy to include the lease payments.  The county did file a certified copy of the resolution with the clerk during the following year.  The 
Haas
 court ruled that 

"[t]he resolution authorizing that levy was timely made and it is not contended that such levy was invalid except for the failure to file a certified copy thereof.  We conclude that such defect is procedural and not substantive and should not affect the validity of [an otherwise proper] tax levy."  
People ex rel. Haas v. Amax Zinc Co., Inc.
, 130 Ill. App. 3d 580, 585, 474 N.E.2d 724, 728 (1984).  

Likewise in the instant case, the failure of the taxing districts to file their 1988 budget and appropriation ordinances with the county clerk prior to the tax extensions does not invalidate the otherwise valid tax levies.

Finding as we do that the taxing districts' 1988 tax levies were proper, the objectors' next contention that the trial court's ruling deprived them of their property without due process of law must fail.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County granting summary judgment in favor of the taxing districts.

AFFIRMED.

CAMPBELL, P.J. and O'BRIEN, J., concur.